PER CURIAM.
We do not view the trial court’s gratuitous invitations to defense counsel, first, to answer the plaintiffs’ objection to the defendant’s peremptorily challenging two Hispanics on the jury venire — “[D]o you want to reply?” — and second, to preserve for the record the reasons for the challenges, as being a finding by the trial court that there is a “substantial likelihood” that the peremptory challenges were being exercised solely on the basis of ethnicity.[1] State v. Neil, 457 So.2d 481, 486 (Fla.1984). Thus, because the record reflects neither such a finding nor a compelling reason for one, the adequacy vel non of defense counsel’s explanations for the challenges is beside the point. Accordingly, the defendant’s alleged improper use of peremptory challenges being the sole point urged for reversal, the judgment under review is
Affirmed.

. Although State v. Neil, 457 So.2d 481, 487 (Fla.1984), expressly left open the question, we assume, without deciding, that the decision is applicable to other than racial groups. Of course, we have already decided that the holding in Neil applies to civil cases. See City of Miami v. Cornett, 463 So.2d 399 (Fla. 3d DCA 1985).