538 So.2d 946 (1989)
Marie T. SMITH, As Personal Representative of the Estate of Cynthia Smith, Appellant,
v.
COASTAL EMERGENCY SERVICES, Inc., Willis N. Dickens, M.D., and Charles Michael Collins, M.D., Appellees.
No. 87-2054.
District Court of Appeal of Florida, Fourth District.
February 15, 1989.
*947 Karen A. Curran of Brumer, Cohen, Logan, Kandell, Kaufman & Morales, Miami, for appellant.
Melanie G. May of Bunnell and Woulfe, P.A., Ft. Lauderdale, for appellee-Willis N. Dickens, M.D.
Nancy P. Maxwell of Metzger & Sonneborn, P.A., West Palm Beach, for appellees-Coastal and Collins.
DOWNEY, Judge.
Appellant, Marie T. Smith, as personal representative of the Estate of Cynthia Smith, sued appellees, Coastal Emergency Services, Inc., Willis N. Dickens, M.D., and Charles Michael Collins, M.D., in a wrongful death action arising out of the alleged negligence of appellees in the care and treatment of the deceased.
Cynthia Smith, a seventeen-year-old black female, presented herself at the emergency room of Broward General Hospital complaining of headache, toothache, general malaise, and left-side weakness. She was initially examined by the emergency room physician, Dr. Collins, and subsequently seen by Dr. Dickens, a neurologist, who ultimately took over her care and treatment. She was admitted to the hospital that evening, her condition worsened, and she died the following morning of bacterial meningitis.
This malpractice suit was tried and resulted in a verdict favorable to the defendants, who are appellees here. The appellant contends that reversible error occurred in the trial 1) when the trial court overruled appellant's objections to appellees' use of peremptory challenges during voir dire examination to systemetically exclude black jurors and 2) when the trial court erred in limiting the testimony of appellant's expert witness bearing upon Dr. Dickens' negligence.
The panel of twenty-one prospective jurors from which the jury in this case was chosen contained three black persons, Lee, White and Shuman. Collectively, appellees peremptorily excused all of them. After two of them had been excused, appellant objected on the ground that appellees were *948 systematically excusing the black jurors solely upon the basis of their race. Without really requiring appellant to demonstrate that there was a substantial likelihood that the challenges were being made solely on the basis of race so as to shift the burden of proof to appellees, Neil v. State, 457 So.2d 481 (Fla. 1984), the trial court inquired of appellees their reasons for excusing the jurors in question. So as not to unduly lengthen this opinion, suffice to say that appellees explained that Juror White had been excused because he knew Mr. Smith and he was inconsistent in his description of the extent to which he knew him. Mr. White had also received hospital emergency room treatment a few months before trial and was not completely satisfied with it. When the challenge for cause was denied, a peremptory challenge was used. Juror Lee was excused because this was a complex medical malpractice case and due to Lee's age, educational background and "profession" counsel felt "he would be incapable of processing the information accurately." The final black juror excused, Shuman, was relieved because counsel believed she was too young and because she had a child out of wedlock as did the plaintiff (appellant), which counsel believed would create undue empathy between juror and party. The trial judge accepted these asserted reasons for striking the jurors and overruled appellant's objections.
With regard to the function of the trial judge in this scenario at this stage in the jury challenge, the Supreme Court of Florida said in State v. Slappy, 522 So.2d 18, 22 (Fla.) cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988):
Part of the trial judge's role is to evaluate both the credibility of the person offering the explanation as well as the credibility of the asserted reasons. These must be weighed in light of the circumstances of the case and the total course of the voir dire in question, as reflected in the record.
We have considered counsel's stated reasons for excusing the three jurors in question, which appear to us in the context of this case to be valid and not merely pretextual bases for such action. Moreover, the trial judge is in the best position to determine whether the reasons relied upon are bona fide and it is not our function to second-guess him on appeal.
During the presentation of appellant's case in chief, she presented Dr. Altman, a board certified pediatrician, as an expert witness to testify regarding Dr. Dickens' handling of the case. Dr. Altman was allowed to testify regarding various matters, but appellees' objection to Dr. Altman's testimony regarding the standard of care required of a neurologist and Dr. Dickens' performance vis-a-vis that standard was sustained. Appellees contended that Dr. Altman was unqualified to testify as "a similar health care provider" designated in section 768.45, Florida Statutes (1983).
We find no reversible error demonstrated in the trial court's limitation of Dr. Altman's testimony. See Caputo v. Taylor, 403 So.2d 551 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 464 (Fla. 1982) (proper to exclude testimony of pathologist against gynecologist). Dr. Altman, himself, stated that he could not testify as to the quality of care of a neurologist. Furthermore, the trial judge has "a great deal of discretion in ruling upon the qualifications of expert witnesses." Warning Safety Lights, Inc. v. Gallor, 346 So.2d 92, 95 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 518 (Fla. 1978). In addition, section 768.45(2) provides that, if the witness is not a "similar health care provider" but possesses sufficient training, experience and knowledge to provide expert testimony on the subject to the satisfaction of the court, he is competent to testify. Finally, Dr. Altman's testimony regarding Dr. Dickens' treatment, if favorable to appellant, would simply have been cumulative because Dr. Korman, a neurologist, testified on behalf of appellant against Dr. Dickens. Andrews v. Tew, 512 So.2d 276, 279 (Fla. 2d DCA 1987), rev. denied, 519 So.2d 988 (Fla. 1988).
Apropos of this point, we have not overlooked Hernandez v. Charles E. Virgin, M.D., P.A., 505 So.2d 1369 (Fla. 3d DCA *949 1987), or Lake v. Clark, 533 So.2d 797 (Fla. 5th DCA 1988). We simply find Virgin inapposite because there the expert witnesses were rejected simply because they were certified in another medical specialty. That alone is not grounds for precluding the expert. Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981). The statement in Lake, made without any supporting authority, is in some measure contrary to numerous authorities regarding cumulative testimony, but more importantly, can be factually distinguished.
In view of the foregoing, we affirm the judgment appealed from.
HERSEY, C.J., and ANSTEAD, J., concur.