550 So.2d 1130 (1989)
Charles Edward CARTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-446.
District Court of Appeal of Florida, Third District.
May 30, 1989.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Charles Edward Carter appeals from judgments of conviction and sentences for aggravated battery, robbery with a deadly *1131 weapon, kidnapping with a weapon, attempted first-degree murder, and armed burglary of an occupied vehicle, with an assault and battery. We affirm.
At voir dire, the state exercised peremptory challenges to excuse two black venire-members. Upon defendant's objection to the challenges, the trial court conducted an inquiry pursuant to State v. Neil, 457 So.2d 481 (Fla. 1984). The trial court found that the potential jurors had been wrongfully excluded on the basis of race, sustained defendant's objection to their dismissal, and dismissed the entire venire panel.
On appeal, Carter contends that the trial court erred in dismissing the entire venire panel and that, instead, the trial court should have allowed the jurors already selected, plus the two illegally challenged jurors, to hear the case. We disagree. In Neil the Florida supreme court unequivocally stated: "If the party has actually been challenging prospective jurors solely on the basis of race, then the court should dismiss that jury pool and start voir dire over with a new pool." 457 So.2d at 487. Therefore, the trial court had no choice but to dismiss the entire venire panel and begin the jury selection process anew.[1]
Carter also appeals from the departure sentences imposed by the trial court. We affirm the sentences imposed. In its written reasons for departing upwards from the sentencing guidelines, the trial court stated that the vulnerability of the victim supported enhancement of the sentence. The particular vulnerability of a victim is a valid reason for departing from the sentencing guidelines. Orange v. State, 535 So.2d 691 (Fla. 3d DCA 1988). Here, the record supports the trial court's finding that Carter's victim was particularly vulnerable to the series of vicious attacks she suffered. Carter's victim was significantly smaller than her assailant and was, thus, especially vulnerable when the crime commenced. Moreover, when the victim attempted to escape from Carter after he first assaulted her, Carter yanked her by her pony tail and broke her neck. Carter continued to brutalize his now-paralyzed victim and left her for dead in a canal. The victim could not swim but survived despite her grave injuries. We explicitly hold that a trial court may depart from the sentencing guidelines with a finding that an injury inflicted by the defendant rendered the victim particularly vulnerable to subsequent injuries suffered at the hands of the defendant during the criminal episode.
Affirmed.
NOTES
[1] We believe that a trial court should have the discretion to cure a discriminatory challenge by means other than dismissal of the entire panel. However, this court and the trial courts are bound by the clear language of Neil, absent directions otherwise from the Florida supreme court.