572 So.2d 1012 (1991)
Roosevelt PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0491.
District Court of Appeal of Florida, Fourth District.
January 4, 1991.
Rehearing Denied February 6, 1991.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Lynn Waxman and Melvina Flaherty, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm the conviction of appellant. Appellant challenged the voir dire selection of his jury on violations of State *1013 v. Neil, 457 So.2d 481 (Fla. 1984). While the trial court even acknowledged that voir dire selection was not handled properly, the trial court offered the appellant the relief to which he was entitled under Neil, namely the dismissal of the panel and the recommencement of voir dire with a new panel. Appellant declined. Therefore, he has waived any complaint as to the defects in the voir dire process. Casimiro v. State, 557 So.2d 223 (Fla. 3d DCA 1990).
While Appellant claims that a new panel was not necessary had the trial court disallowed the challenged strikes, we disagree. Both the state and appellant argued to the trial court below that its jury composition may have changed based upon the unusual way in which the strikes were first disallowed and then allowed in this case. A new panel would have been the appropriate way to cure the errors in the unusual facts of this case.
However, we reverse the departure sentence imposed because the trial court failed to provide contemporaneous written reasons for departure. Ree v. State, 565 So.2d 1329 (Fla. 1990). Upon remand the court must sentence appellant with no possibility of departure from the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990).
DELL, WALDEN and WARNER, JJ., concur.