584 So.2d 123 (1991)
Tony JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2187.
District Court of Appeal of Florida, Fourth District.
August 7, 1991.
*124 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We affirm appellant's conviction and sentence for armed robbery.
During voir dire, the state exercised a peremptory challenge against a minority juror. The trial court determined that the challenge was racially motivated, but denied appellant's motion to strike the jury panel. Instead, the trial court fashioned its own remedy by seating the challenged juror.
In State v. Neil, 457 So.2d 481 (Fla. 1984), the court established that the remedy for a race-based challenge is to dismiss the jury panel and start voir dire over. See also State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). In Mazaheritehrani v. Brooks, 573 So.2d 925 (Fla. 4th DCA 1990), a civil case, this court held that it was reversible error to seat the challenged jurors rather than to apply the Neil remedy of striking the panel, recognizing that a court deprives a party of peremptory challenges by seating the challenged jurors. We note that the Florida Supreme Court has accepted jurisdiction in Mazaheritehrani.
In Carter v. State, 550 So.2d 1130 (Fla. 3d DCA), rev. denied, 553 So.2d 1164 (Fla. 1989), the appellant argued that the trial court, rather than dismissing the panel, should have seated the unlawfully challenged jurors. The court rejected this argument, recognizing that the trial court properly applied the Neil remedy. The court noted:
We believe that a trial court should have the discretion to cure a discriminatory challenge by means other than dismissal of the entire panel. However, this court and the trial courts are bound by the clear language of Neil, absent directions otherwise from the Florida supreme court.
Id. at 1131 n. 1.
In this case, the trial court found that the state challenged jurors for racial reasons. Instead of applying the Neil remedy, the trial court seated the jurors despite the state's peremptory challenge. The state did not question the trial court's remedy. Rather, the defendant (appellant) claims that the trial court's use of an alternative to the Neil remedy is reversible error, despite the fact that the defendant was not prejudiced by the remedy used.
This court has held that the Neil remedy may be waived by a party who does not object to the use of a different remedy, such as the seating of the challenged jurors. Palmer v. State, 572 So.2d 1012 (Fla. 4th DCA 1991). In Palmer, the defendant declined the opportunity to commence voir dire anew, and was therefore deemed to have waived the right to the Neil remedy.
*125 The trial court's remedy in this case was not opposed by the state, and did not cause prejudice to the defendant. Therefore, the remedy does not conflict with Neil, Palmer, Carter, or Mazaheritehrani. These opinions, taken together, establish that the party alleging a biased motive has a right to object to the challenge (Neil), that it is reversible error to force the party exercising the challenge to accept the jurors in lieu of striking the panel and beginning voir dire again (Mazaheritehrani), and that these rights may be waived (Palmer). Even if the trial court lacks the discretion to seat the unlawfully challenged jurors, such error is harmless absent a showing of prejudice.
We have additionally considered the other issues raised on appeal and find no reversible error.
We certify the following question to the supreme court:
WHERE THE TRIAL COURT FINDS THAT A PEREMPTORY CHALLENGE IS BASED UPON RACIAL BIAS, IS THE SOLE REMEDY TO DISMISS THE JURY POOL AND TO START VOIR DIRE OVER WITH A NEW JURY POOL, OR MAY THE TRIAL COURT EXERCISE ITS DISCRETION TO DENY THE PEREMPTORY CHALLENGE IF IT CURES THE DISCRIMINATORY TAINT?
ANSTEAD and WARNER, JJ., concur.