592 So.2d 264 (1991)
Joseph ALDRET, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3675.
District Court of Appeal of Florida, First District.
December 3, 1991.
On Motion for Certification December 26, 1991.
Nancy A. Daniels, Public Defender, Phil Patterson, Asst. Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, Joseph Aldret, appeals his convictions for aggravated assault and simple assault, arguing that the trial court erred in sustaining the State's objection to his attorney's challenge of a prospective *265 juror. He also appeals the trial court's imposition of costs without providing prior notice. We affirm in part, reverse, and remand.
The record on appeal indicates that the appellant in the instant case is a white male, and that the alleged victim of both charged assaults is a black male. During the jury selection process, defense counsel (Banks) used peremptory challenges to strike one black male and one black female from the jury pool. The State objected on the basis of State v. Neil, 457 So.2d 481 (Fla. 1984), and the objection was eventually overruled after Banks stated his reasons for excluding the two jurors. Several minutes later, Banks used a third peremptory challenge to strike another black female, and the State again objected on the basis of Neil. The following exchange then occurred:
MR. BANKS: Judge, in Ms. Zachery's case, she has a brother who has apparently a "crack" problem. I think it was a brother. He burglarized her mother's house. I'm not sure what kind of feelings she has about the system or anything else.
* * * * * *
COURT: Well, I'm going to deny the peremptory challenge. So Ms. Zachery stays on.
MR. BANKS: Note my objection for the record and I move for a mistrial.
COURT: Motion denied.
Zachery was seated on the jury panel, and the appellant was eventually found guilty of both counts as charged. At sentencing, the trial court imposed $200 in court costs and sentenced appellant to concurrent terms of 3 years and 60 days.
In his first point on appeal, appellant challenges the court's denial of his use of a peremptory challenge to strike Zachery from the jury pool, raising three separate arguments: (1) that the State had no standing to challenge a criminal defendant's use of peremptory challenges under Neil; (2) assuming the State had standing, that the trial court erred in not allowing appellant to exclude Zachery since the reasons given by defense counsel were sufficiently race neutral; and (3) assuming the challenge was properly denied, that the trial court erred in seating Zachery on the jury instead of dismissing the entire pool and beginning voir dire again with a new pool.
We find the first argument to be without merit. In State v. Neil, the supreme court set out the following test to be used when confronted with an allegedly discriminatory use of peremptory challenges:
[T]rial courts should apply the following test. The initial presumption is that peremptories will be exercised in a nondiscriminatory manner. A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race. If a party accomplishes this, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race. If the court finds no such likelihood, no inquiry may be made of the person exercising the questioned peremptories. On the other hand, if the court decides that such a likelihood has been shown to exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective jurors' race. The reasons given in response to the court's inquiry need not be equivalent to those for a challenge for cause. If the party shows that the challenges were based on the particular case on trial, the parties or witnesses, or characteristics of the challenged persons other than race, then the inquiry should end and jury selection should continue. On the other hand, if the party has actually been challenging prospective jurors solely on the basis of race, then the court should dismiss that jury pool and start voir dire over with a new pool.
457 So.2d at 486-87 (emphasis supplied).
*266 The court then specifically addressed the issue of standing raised in the instant case, by stating:
[People v.] Thompson, [79 A.D.2d 87, 435 N.Y.S.2d 739 (1981)] speaks only of challenges exercised by the prosecution. [People v.] Wheeler, [22 Cal.3d 258, 148 Cal. Rptr. 890, 583 P.2d 748 (Cal. 1978)] and [Commonwealth v.] Soares, [377 Mass. 461, 387 N.E.2d 499 (Mass. 1979)], on the other hand, recognize that the ability to challenge the use of peremptories should be given to the prosecution as well as to the defense. We agree with Wheeler and Soares on this point and hold that both the state and the defense may challenge the allegedly improper use of peremptories. The state, no less than a defendant, is entitled to an impartial jury.

457 So.2d at 487 (emphasis supplied).
Appellant argues on appeal that the above language from Neil constitutes dicta and, therefore, is not controlling on the issue of the State's standing to object to the defense's exercise of peremptory challenges. We agree that the language constitutes dicta; however, it is well established that dicta of the Florida Supreme Court, in the absence of a contrary decision by that court, should be accorded persuasive weight. O'Sullivan v. City of Deerfield Beach, 232 So.2d 33 (Fla. 4th DCA 1970); Weber v. Zoning Board of Appeals of the City of West Palm Beach, 206 So.2d 258 (Fla. 4th DCA 1968); Milligan v. State, 177 So.2d 75 (Fla. 2d DCA 1965). Because the supreme court repeatedly used the term "party" rather than "State" or "defendant," and worded its test to state that either side could object to the other's use of peremptory challenges, the Neil opinion strongly indicates that the court intended for both defendant and prosecution to be allowed to object to allegedly racially motivated peremptory challenges. Further, since there are no contrary decisions from either the Florida Supreme Court or the district courts on this issue, we find Neil to be persuasive authority for finding that the State has standing to object to a defendant's use of peremptory challenges in an allegedly discriminatory manner.
We note that there are several reported criminal cases which involve a prosecutor's objection to a defendant's use of peremptory challenges which, while not specifically addressing the issue raised in the instant case, apparently presume that the State did have such standing. See Perez v. State, 584 So.2d 213 (Fla. 3d DCA 1991); Koenig v. State, 497 So.2d 875 (Fla. 3d DCA 1986). We also note that Neil has been applied by the courts in several civil cases as well. See, e.g., Smellie v. Torres, 570 So.2d 314 (Fla. 3d DCA 1990); Smith v. Coastal Emergency Services, 538 So.2d 946 (Fla. 4th DCA 1989); Ensenat v. Abcug, 515 So.2d 1027 (Fla. 3d DCA 1987); City of Miami v. Cornett, 463 So.2d 399 (Fla. 3d DCA 1985).
In the Cornett case, defense counsel used each of its peremptory challenges to exclude black jurors in a black plaintiff's suit against the City. The all-white jury returned a verdict in favor of the defendant, and a new trial was granted. The appellate court affirmed, holding:

Neil focused on Article I, Section 16 of the Florida Constitution, which guarantees to an accused in a criminal case the right to a trial by an impartial jury. The civil analogue applicable to this case is Article I, Section 22 of the Florida Constitution, which provides that "[t]he right of trial by jury shall be secure to all and remain inviolate." While Section 22 does not expressly grant civil litigants the right of trial by an impartial jury,[*] we believe that anything less than an impartial jury is the functional equivalent of no jury at all.
[*] In Neil, the court, holding that both the state and the defense may challenge the allegedly improper use of peremptories, flatly declared that "[t]he state, no less than a defendant, is entitled to an impartial jury." 457 So.2d at 487. Since the Florida Constitution does not expressly provide that the state is entitled to an impartial jury, Neil itself is authority for the proposition *267 that the basic right to a jury trial for any litigant includes the right that the jury be impartial.

463 So.2d at 402 (emphasis supplied). We agree with the Third District's conclusion in Cornett, and find that the guaranties set out in Article I, Section 16 of the Florida Constitution, that an accused in a criminal case receive a trial by impartial jury, should act not only to insure that a defendant receive a jury which is not partial to the State, but also one which is not prejudiced in favor of the defendant.
We also disagree with appellant's contention that defense counsel presented sufficiently race neutral reasons for striking Zachery from the jury panel. In State v. Slappy, 522 So.2d 18 (Fla. 1988), the court held that a party's explanation for exercising a peremptory challenge must be weighed "in light of the circumstances of the case and the total course of the voir dire in question, as reflected in the record." Id. at 22. The court held that, in order to permit the questioned challenge, the trial court must conclude that the proffered reasons were first, race neutral, and second, not a pretext, and held:
We agreed that the presence of one or more of these factors will tend to show that the state's reasons are not actually supported by the record or are an impermissible pretext: (1) alleged group bias not shown to be shared by the juror in question, (2) failure to examine the juror or perfunctory examination, assuming neither the trial court nor opposing counsel had questioned the juror, (3) singling the juror out for special questioning designed to evoke a certain response, (4) the prosecutor's reason is unrelated to the facts of the case, and (5) a challenge based on reasons equally applicable to juror who were not challenged.
Id. at 22.
We find that the record in the instant case contains the presence of factors 1, 4, and 5, above. First, although defense counsel stated at trial that he was "not sure" what kind of feeling Zachery's experience had left her regarding the "system," the record indicates that Zachery did not respond when specifically asked during voir dire whether her experience would affect her ability to sit as a juror, or whether it would "turn her off" on the system, and gave no indication whatsoever that she would be affected. Second, since the defendant in the instant case was being tried on two counts of assault, Zachery's brother's use of cocaine and his burglary of her mother's house are not relevant, especially in light of the fact that Zachery gave no indication that the incident would affect her ability to sit as a juror. Third, although one other prospective juror indicated she had a son with a crack cocaine problem, and two other prospective jurors had directly been victims of burglaries or theft, two of these three jurors were not stricken by defense counsel. Therefore, the bias alleged by defense counsel was not shown to be shared by Zachery, and the record does not establish that the trial court abused its discretion in finding that defense counsel's reasons for excluding Zachery were racially motivated. Reed v. State, 560 So.2d 203 (Fla. 1990).
Appellant's third argument, regarding the remedy used by the trial court after denying the peremptory challenge of Zachery, requires reversal. The supreme court in Neil held that "if the party has actually been challenging prospective jurors solely on the basis of race, then the court should dismiss that jury pool and start voir dire over with a new pool." 457 So.2d at 487. In Carter v. State, 550 So.2d 1130 (Fla. 3d DCA 1989), the trial court found that the State had wrongfully excused two jurors on the basis of race, sustained the defendant's objections to their dismissal, and dismissed the entire pool according to Neil. The defendant argued on appeal that the court should not have dismissed the pool, but should have allowed the jurors already selected, plus the wrongfully challenged jurors, to hear the case. The appellate court disagreed, holding "We believe that a trial court should have the discretion to cure a discriminatory challenge by means other than dismissal of the entire panel. However, this court and the trial courts are bound by the clear language of Neil, absent directions otherwise from the Florida *268 supreme court." 550 So.2d at 1131. The Fourth District reached the same conclusion in Mazaheritehrani v. Brooks, 573 So.2d 925 (Fla. 4th DCA 1990), a civil case, but held in Palmer v. State, 572 So.2d 1012 (Fla. 4th DCA 1991) that the defendant had waived the right to complain on appeal, where the court determined the State had improperly used peremptory challenges, offered defendant the remedy of dismissing the panel and starting over, and defendant declined.
Most recently, in Jefferson v. State, 584 So.2d 123 (Fla. 4th DCA 1991), the Fourth District examined a case in which the State challenged jurors for racial reasons, the court seated the jurors instead of applying the Neil remedy, and the State "did not question the trial court's remedy." Id. at 123. Defendant, however, raised the issue on appeal, claiming that it was reversible error not to use the Neil remedy, despite the fact that he (defendant) had not been prejudiced. The court held:
The trial court's remedy in this case was not opposed by the state, and did not cause prejudice to the defendant. Therefore, the remedy does not conflict with Neil, Palmer, Carter, or Mazaheritehrani. These opinions, taken together, establish that the party alleging the biased motive has a right to object to the challenge (Neil), that it is reversible error to force the party exercising the challenge to accept the jurors in lieu of striking the panel and beginning voir dire again (Mazaheritehrani), and that these rights may be waived (Palmer). Even if the trial court lacks the discretion to seat the unlawfully challenged jurors, such error is harmless absent a showing of prejudice.
Id. at 123.
Although defense counsel in the instant case did not specifically address the court's decision to seat Zachery instead of striking the entire pool, it appears that his objection and motion for mistrial went to that issue, preventing the court from finding a waiver of the remedy employed in this case. Further, the State has not shown beyond a reasonable doubt that the seating of Zachery did not contribute to the verdict of guilt and, therefore, it has not been established that the error was harmless. We therefore reverse and remand for a new trial, adopting the Fourth District's holding in Jefferson, and certifying the same question certified in that case:
WHERE THE TRIAL COURT FINDS THAT A PEREMPTORY CHALLENGE IS BASED UPON RACIAL BIAS, IS THE SOLE REMEDY TO DISMISS THE JURY POOL AND TO START VOIR DIRE OVER WITH A NEW JURY POOL, OR MAY THE TRIAL COURT EXERCISE ITS DISCRETION TO DENY THE PEREMPTORY CHALLENGE IF IT CURES THE DISCRIMINATORY TAINT?
Because we reverse and remand for new trial, it is unnecessary for the court to address appellant's second issue. We note, however, that appellant's argument has been resolved by the supreme court in State v. Beasley, 580 So.2d 139 (Fla. 1991).
REVERSED and REMANDED.
ERVIN and WIGGINTON, JJ., concur.

ON MOTION FOR CERTIFICATION
PER CURIAM.
We certify the following additional question to the supreme court as one of great public importance:
MAY THE STATE OBJECT TO THE DEFENDANT'S USE OF PEREMPTORY CHALLENGES IN AN ALLEGEDLY DISCRIMINATORY MANNER, AND IF SO, ON WHAT CONSTITUTIONAL BASIS?
ERVIN, SHIVERS and WIGGINTON, JJ., concur.