PER CURIAM.
We reverse and remand for a new trial based on the authority of Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991). We certify the following question, as stated in Jefferson v. State, 584 So.2d 123 (Fla. 4th *1128 DCA 1991), and Wright, as one of great public importance:
WHERE THE TRIAL COURT FINDS THAT A PEREMPTORY CHALLENGE IS BASED UPON RACIAL BIAS, IS THE SOLE REMEDY T,0 DISMISS THE JURY POOL AND START VOIR DIRE OVER WITH A NEW JURY POOL, OR MAY THE TRIAL COURT EXERCISE ITS DISCRETION TO DENY THE PEREMPTORY CHALLENGE IF IT CURES THE DISCRIMINATORY TAINT; FOR EXAMPLE, MUST THE JURY PANEL BE STRICKEN IF THE DISCRIMINATORY CHALLENGE HAS BEEN MADE OUTSIDE ITS PRESENCE?
In light of our decision, we do not need to reach the remaining points raised on appeal by the defendant.
Reversed and remanded for a new trial.
LEVY and GODERICH, JJ., concur.