595 So.2d 37 (1992)
Doris Elizabeth BROOKS, Etc., et al., Petitioners,
v.
Masoud MAZAHERITEHRANI, Respondent.
No. 77692.
Supreme Court of Florida.
February 27, 1992.
Moses Baker, Jr. of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for petitioner.
*38 Vernis & Bowling, P.A., Jupiter, and Richard H.W. Maloy, Key Biscayne, for respondent.
Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., Miami, amicus curiae, for State of Fla.
Barbara Green of Freidin, Hirsh, Green & Gerrard, P.A., and Roy D. Wasson, Miami, amicus curiae, for Academy of Florida Trial Lawyers.
McDONALD, Justice.
We tentatively accepted jurisdiction in Mazaheritehrani v. Brooks, 573 So.2d 925 (Fla. 4th DCA 1990), because of perceived conflict with State v. Neil, 457 So.2d 481 (Fla. 1984). A closer analysis fails to reveal actual conflict between these cases. In the interim period, however, we accepted jurisdiction in Jefferson v. State, 584 So.2d 123, 125 (Fla. 4th DCA 1991), wherein the following question was certified:
WHERE THE TRIAL COURT FINDS THAT A PEREMPTORY CHALLENGE IS BASED UPON RACIAL BIAS, IS THE SOLE REMEDY TO DISMISS THE JURY POOL AND TO START VOIR DIRE OVER WITH A NEW JURY POOL, OR MAY THE TRIAL COURT EXERCISE ITS DISCRETION TO DENY THE PEREMPTORY CHALLENGE IF IT CURES THE DISCRIMINATORY TAINT?
Our opinion in Jefferson v. State, 595 So.2d 38 (Fla. 1992), directly conflicts with the holding of the district court in this case and clearly we now have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Accordingly, the decision under review is quashed and this cause is remanded for further consideration in light of Jefferson.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.