595 So.2d 38 (1992)
Tony JEFFERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 78507.
Supreme Court of Florida.
February 27, 1992.
*39 Richard L. Jorandby, Public Defender and Anthony Calvello, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Joan Fowler, Bureau Chief, Sr. Asst. Atty. Gen. and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for respondent.
Barbara Green of Freidin, Hirsh, Green & Gerrard, P.A. and Roy D. Wasson, Miami, amicus curiae for The Academy Of Florida Trial Lawyers.
McDONALD, Justice.
We review Jefferson v. State, 584 So.2d 123, 125 (Fla. 4th DCA 1991), in which the district court certified the following question as being of great public importance:[1]
WHERE THE TRIAL COURT FINDS THAT A PEREMPTORY CHALLENGE IS BASED UPON RACIAL BIAS, IS THE SOLE REMEDY TO DISMISS THE JURY POOL AND TO START VOIR DIRE OVER WITH A NEW JURY POOL, OR MAY THE TRIAL COURT EXERCISE ITS DISCRETION TO DENY THE PEREMPTORY CHALLENGE IF IT CURES THE DISCRIMINATORY TAINT?
We hold that, absent injury to a party's constitutional right to an impartial jury, it is within the trial court's discretion to seat the improperly challenged juror in order to remedy a discriminatory peremptory challenge.
The State charged Jefferson, a black man, with armed robbery. During the voir dire portion of Jefferson's trial, the State exercised one of its peremptory challenges against a black venireperson. Jefferson objected and the trial court proceeded to evaluate the appropriateness of the peremptory challenge. The inquiry was conducted outside the presence of the potential jurors and without their knowledge as to the nature of the proceedings. The trial court concluded that the challenge was racially motivated and denied the peremptory challenge.
The trial court also denied Jefferson's request to discharge the venire and repeat voir dire with a new jury pool. Jefferson *40 was convicted of armed robbery and subsequently appealed to the district court asserting that the trial court's use of an alternative remedy to the one put forth by this Court in State v. Neil, 457 So.2d 481 (Fla. 1984), was reversible error. The district court affirmed Jefferson's conviction holding that the trial court's use of a different remedy in the instant case was harmless error because it did not cause prejudice to Jefferson.
In Neil, we held that peremptory challenges could not be used to excuse potential jurors on the basis of race and "if the party has actually been challenging prospective jurors solely on the basis of race, then the court should dismiss that jury pool and start voir dire over with a new pool." 457 So.2d at 487. However, this Court tailored the remedy in Neil to the particular facts of that case. Because the trial court had already dismissed the improperly excluded jurors, the alternative remedy of denying the peremptory challenges was not available. We did not intend for Neil to set forth the exclusive remedy for discriminatory peremptory challenges.[2]
The rationale behind striking the entire jury pool is to provide the complaining party with a proper venire and not one that has been partially or totally stripped of potential jurors through the use of discriminatory peremptory challenges. If, as occurred in the instant case, the trial court denies the improper peremptory and the improper challenge has no effect upon the composition of the jury pool, the complaining party is not deprived of a proper venire. Thus, the defendant's rights to an impartial jury and to equal protection under the law are not violated. Further, the trial court in the instant case conducted the Neil inquiry outside the presence of the jury, and, thus, there was no danger that the improperly challenged juror would bear animosity toward the party attempting to exercise the peremptory. Therefore, under the facts of the instant case, we can see nothing to be gained by striking the entire jury panel and incurring the additional time and expense of drawing a new venire.
We also do not see a constitutional barrier to the remedy of seating the improperly challenged venireperson in the instant case. To the contrary, under the facts of this case, the remedy of seating the improperly challenged juror is in greater accord with judicial economy and the advancement of public confidence in our system of justice.[3]
Moreover, an individual venireperson has the constitutional right not to be excluded from jury service on the basis of race. Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); State v. Slappy, 522 So.2d 18 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). While striking the venire and beginning selection over with a new jury pool may protect the constitutional rights of the defendant,[4] it does nothing to remedy the recognized discrimination against those improperly removed from the jury. Further, it is generally impractical for excluded jurors to bring suit to enforce *41 their rights[5] and courts should attempt to fashion remedies which protect a juror's right not to be excluded on the basis of race. Therefore, under certain circumstances and in the absence of prejudice to one of the parties, proceeding with the improperly challenged juror may be the more appropriate remedy.
While we recognize the importance of peremptory challenges to the guarantee of an impartial jury, the seating of an improperly challenged juror does not violate the constitutional rights of the party who attempted to exercise the challenge. It is the right to an impartial jury,[6] not the right to peremptory challenges, that is constitutionally protected. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Neil, 457 So.2d at 486. Peremptory challenges merely are a "means of assuring the selection of a qualified and unbiased jury." Batson, 476 U.S. at 91, 106 S.Ct. at 1720.
The elimination of potential jurors by discriminatory criteria is an invalid exercise of peremptories and does not assist in the creation of an impartial jury. Such discrimination in the "selection of jurors offends the dignity of persons and the integrity of the courts." Powers, 111 S.Ct. at 1366. The discriminatory exclusion of potential jurors causes harm to the "excluded jurors and the community at large." Id. at 1368. Therefore, a party's right to use peremptory challenges can be subordinated to a venireperson's constitutional right not to be improperly removed from jury service.
A trial court's analysis under Neil is aimed at determining whether the peremptory challenge is based on the venireperson's qualifications and ability to consider the evidence presented at trial impartially or whether the challenge is based merely on the race of the prospective juror. When the trial court determines that a party is making an improper discriminatory challenge, it is, in effect, making a determination that the party was attempting to exclude an otherwise qualified and impartial juror. Thus, because a person's race is irrelevant to his or her fitness as a juror, Batson, 476 U.S. at 87, 106 S.Ct. at 1718, a party cannot complain that the seating of an improperly challenged juror violates his or her right to an impartial jury. The United States Supreme Court has made it clear that "[r]ace cannot be a proxy for determining juror bias or competence." Powers, 111 S.Ct. at 1370.
In the instant case, the venire remained exactly as it would have been had an improper peremptory challenge not been made. The jury was not stripped of even one potential juror through the use of improper peremptory challenges. Jefferson received an impartial jury and the improperly challenged venire member was able to participate on the jury. Therefore, the remedy selected by the trial judge simultaneously assured that neither Jefferson's nor the potential juror's constitutional rights were violated.
Accordingly, we answer the certified question by holding that it is within the trial judge's discretion to fashion the appropriate remedy under the particular facts of each case and, as long as neither party's constitutional rights are infringed, that remedy may include the seating of an improperly challenged juror.
We approve the opinion of the district court except to the extent that it conflicts with our response to the certified question. Thus, we approve the district court's decision that Jefferson's conviction be affirmed.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] The United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), contemplated the seating of an improperly challenged venire person as an alternative to striking the entire panel, but did not rule on its appropriateness. The Court stated that it

express[ed] no view on whether it is more appropriate in a particular case, upon a finding of discrimination against black jurors, for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case, or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire.
Id. at 99, n. 24, 106 S.Ct. at 1724-25, n. 24 (citation omitted).
[3] In Batson, the United States Supreme Court stated that "[s]election procedures that purposefully exclude black persons from juries undermine public confidence in the fairness of our system of justice." 476 U.S. at 87, 106 S.Ct. at 1718.
[4] In some cases this remedy may fail even in this respect. It is possible that the next jury pool will be poorly represented by the race that the offending party sought to have excluded. This could result in exactly what the improper challenge was put forth to achieve: a jury panel without a member of that particular race.
[5] See Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).
[6] Art. I, § 16, Fla. Const.