PER CURIAM.
In Barnes v. State, 592 So.2d 1127, 1128 (Fla.3d DCA 1992), the district court certified the following question as being of great public importance:
Where the trial court finds that a peremptory challenge is based upon racial bias, is the sole remedy to dismiss the jury pool and start voir dire over with a new jury pool, or may the trial court exercise its discretion to deny the peremptory challenge if it cures the discriminatory taint; for example, must the jury panel be stricken if the discriminatory challenge has been made outside its presence?
We addressed this question recently in Jefferson v. State, 595 So.2d 38 (Fla.1992), and Brooks v. Mazaheritehrani, 595 So.2d 37 (Fla.1992). Therefore, we quash Barnes and remand for reconsideration in light of Jefferson and Brooks.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.