606 So.2d 1156 (1992)
STATE of Florida, Petitioner/Cross-Respondent,
v.
Joseph ALDRET, Respondent/Cross-Petitioner.
No. 79149.
Supreme Court of Florida.
September 24, 1992.
Rehearing Denied November 24, 1992.
*1157 Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Crim. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for petitioner/cross-respondent.
Nancy A. Daniels, Public Defender and Glen P. Gifford, Asst. Public Defender, Tallahassee, for respondent/cross-petitioner.
KOGAN, Justice.
We have for review Aldret v. State, 592 So.2d 264 (Fla. 1st DCA 1991), in which the district court certified the following questions as being of great public importance:[1]
WHERE THE TRIAL COURT FINDS THAT A PEREMPTORY CHALLENGE IS BASED UPON RACIAL BIAS, IS THE SOLE REMEDY TO DISMISS THE JURY POOL AND TO START VOIR DIRE OVER WITH A NEW JURY POOL, OR MAY THE TRIAL COURT EXERCISE ITS DISCRETION TO DENY THE PEREMPTORY CHALLENGE IF IT CURES THE DISCRIMINATORY TAINT?
MAY THE STATE OBJECT TO THE DEFENDANT'S USE OF PEREMPTORY CHALLENGES IN AN ALLEGEDLY DISCRIMINATORY MANNER, AND IF SO, ON WHAT CONSTITUTIONAL BASIS?
592 So.2d at 268.
We recently answered the first question certified in Jefferson v. State, 595 So.2d 38, 41 (Fla. 1992),
by holding that it is within the trial judge's discretion to fashion the appropriate remedy under the particular facts of each case and, as long as neither party's constitutional rights are infringed, that remedy may include the seating of an improperly challenged juror.
The second certified question has been answered by the United States Supreme Court in Georgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), wherein the Court held that the state has third-party standing to challenge a criminal defendant's discriminatory use of peremptory challenges and to assert the excluded jurors' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Although the issue was not squarely before us, this Court too has specifically addressed this question. In State v. Neil, 457 So.2d 481, 487 (Fla. 1984), clarified, State v. Castillo, 486 So.2d 565 (Fla. 1986), clarified, State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), limited by, Jefferson v. State, 595 So.2d 38 (Fla. 1992), we stated:
[People v.] Thompson, [79 A.D.2d 87, 435 N.Y.S.2d 739 (1981)] speaks only of challenges exercised by the prosecution. [People v.] Wheeler, [22 Cal.3d 258, 148 Cal. Rptr. 890, 583 P.2d 748 (Cal. 1978)] and [Commonwealth v.] Soares, [377 Mass. 461, 387 N.E.2d 499 (Mass. 1979)], on the other hand, recognize that the ability to challenge the use of peremptories should be given to the prosecution as well as to the defense. We agree with Wheeler and Soares on this point and hold that both the state and the defense may challenge the allegedly improper use of peremptories. The state, no less than a defendant, is entitled to an impartial jury.

(Emphasis added; footnote omitted.) The Neil decision was "unmistakably based" on the guarantee of a trial by an impartial jury drawn from a cross section of the community contained in article I, section 16 of the Florida Constitution. Kibler v. State, 546 So.2d 710, 712 (Fla. 1989). In Neil, article I, section 16 was construed to entitle both the defendant and the State to "the assurance that peremptory challenges will not be exercised so as to exclude members of discrete racial groups solely by virtue of their affiliation." Kibler, 546 So.2d at 713. Cf. Wheeler, 583 P.2d at 765 n. 29 ("the People no less than individual defendants are entitled to a trial by an *1158 impartial jury drawn from a representative cross-section of the community").
Thus, in answer to the second question certified, we hold that the State has standing to object to a defendant's discriminatory use of peremptory challenges under both the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and article 1, section 16 of the Florida Constitution.
Accordingly, we quash the decision under review and remand for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.