OPINION ON REMAND
SHIVERS, Judge.
Pursuant to our original holding in the case sub judice, Appellant Aldret’s judgment of conviction of aggravated assault and simple assault was reversed and remanded for a new trial, and two questions *1387 were certified, in reliance on Jefferson v. State, 584 So.2d 128 (Fla. 4th DCA 1991), and on disputed language in State v. Neil, 457 So.2d 481, 487 (Fla.1984). See Aldret v. State, 592 So.2d 264 (Fla. 1st DCA 1991). Our decision and certified questions were reviewed by the Florida Supreme Court in discretionary review proceedings pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v). In accordance with the mandate of the Supreme Court, see State v. Aldret, 606 So.2d 1156 (Fla.1992), which quashed our prior decision and remanded for further proceedings, we hereby set aside our prior opinion and adopt, as our own, the opinion and judgment of the Supreme Court, and same shall accompany our mandate to the trial court. Having reviewed the record and our original decision in light of the recent decision of the Supreme Court in Jefferson v. State, 595 So.2d 38 (Fla.1992), which clarified the disputed language in Neil, we now find no abuse of discretion in the trial court’s rejection of an improper discriminatory peremptory challenge of a juror, and in the subsequent placement of that venireperson on the jury panel. Accordingly, we affirm Appellant’s conviction. As no violation of due process has been demonstrated under these facts, we likewise affirm the imposition of statutorily mandated court costs. State v. Beasley, 580 So.2d 139 (Fla.1991).
Our first question certified as being of great public importance was:
WHERE THE TRIAL COURT FINDS THAT A PEREMPTORY CHALLENGE IS BASED UPON RACIAL BIAS, IS THE SOLE REMEDY TO DISMISS THE JURY POOL AND TO START VOIR DIRE OVER WITH A NEW JURY POOL, OR MAY THE TRIAL COURT EXERCISE ITS DISCRETION TO DENY THE PEREMPTORY CHALLENGE IF IT CURES THE DISCRIMINATORY TAINT?
On motion for certification, we certified the following additional question:
MAY THE STATE OBJECT TO THE DEFENDANT’S USE OF PEREMPTORY CHALLENGES IN AN ALLEGEDLY DISCRIMINATORY MANNER, AND IF SO, ON WHAT CONSTITUTIONAL BASIS?
592 So.2d at 264, 268. The Supreme Court recently answered the first question in Jefferson, 595 So.2d at 41; 606 So.2d at 1156. The United States Supreme Court answered the second question in Georgia v. McCollum, — U.S. -, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992).
The record on appeal indicates that Al-dret is a white male and that the victim of Aldret’s two offenses is a black male. During the jury selection process, at a conference held at the bench, defense counsel (Banks) used peremptory challenges to strike one black male and one black female from the jury pool. The state (Canova) objected on the basis of Neil, but the objection was eventually overruled after Banks stated appropriate reasons for excluding the two jurors. Several minutes later, defense counsel used a third peremptory challenge to strike another black female, Ms. Zachery, and the state again objected based on Neil. The following exchange occurred:
MR. BANKS: Judge, in Ms. Zachery’s case, she has a brother who has apparently a “crack” problem. I think it was a brother. He burglarized her mother’s house. I’m not sure what kind of feelings she has about the system or anything else.
MR. CANOVA: By my count, the defense, this is his third strike and all three strikes have been for the only blacks that have come into the panel. And I just think that that shows a substantial likelihood that those people are being excused because of the race, and especially the first two for the reasons that I stated. The third one follows up on that argument.
MR. BANKS: For the record, I don’t intend to exercise any more challenges on this panel and there’s a black right now.
MR. CANOVA: I think it’s a clear showing of racial bias.
MR. BANKS: I would also note for the record that Mr. Canova has excused nothing but elderly whites and my client is an elderly white man, so the sword cuts both ways.
*1388 COURT: Well, I’m going to deny the peremptory challenge. So Ms. Zachery stays on.
MR. BANKS: Note my objection for the record and I move for a mistrial. COURT: Motion denied.
Zachery was seated on the jury panel. Al-dret eventually was found guilty on both counts as charged. At the sentencing, the trial court imposed $200 in court costs and sentenced Aldret to concurrent terms of 3 years and 60 days.
In his first point on appeal, in reliance on Neil, Aldret challenged the trial court’s denial of his use of a peremptory challenge to strike Zachery from the jury pool. Appellant’s first argument, which is presented in the second certified question, was addressed and refuted by the United States Supreme Court in McCollum, 112 S.Ct. at 2348, which held that the state has third-party standing to challenge a criminal defendant’s discriminatory use of peremptory challenges and to assert the excluded juror’s rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. See Neil, 457 So.2d at 487 (state, as well as defendant, is entitled to impartial jury). Thus, our original holding was correct in finding no merit to Appellant’s challenge to the state’s standing. 592 So.2d at 265-67.
We also disagreed with Aldret’s second argument, that defense counsel had presented sufficiently race-neutral reasons for striking Zachery from the jury panel. See Williams v. State, 574 So.2d 136 (Fla.1991); St. Louis v. State, 584 So.2d 180, 181 (Fla. 4th DCA 1991). The record demonstrated the presence of three of the factors that tend to show that the reasons given by the challenging party either are unsupported by the record or are an impermissible pretext. See State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. den., 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). First, although defense counsel stated at trial that he was “not sure” what kind of feelings Zachery’s experience had left her with regarding the “system,” the record indicates that Zachery did not verbally respond when specifically asked during voir dire whether her experience would affect her ability to sit as a juror, or whether it would “turn her off” from the system. Importantly, she gave no indication whatsoever that she would be affected. The trial court instructed the venire panel to speak up if anything in their prior experience might affect their ability to render an impartial verdict. Zachery provided no indication that she could not effectively serve as a juror. Thus, the group bias alleged by defense counsel was not shown to be shared by Zachery. Id. Second, because Aldret was being tried on counts of aggravated assault and simple assault, Zachery’s brother’s use of cocaine and his burglary of his mother’s house are not relevant, especially in light of the fact that Zachery gave no indication that the incident would affect her ability to sit as a juror. Thus, defense counsel’s reason was unrelated to the facts of the case sub judice. Id. Third, although one other prospective juror (Hardy) indicated that the authorities had once accused her son of having someone in his car with crack cocaine, and two other prospective jurors (Hubbard and Cooper) had been direct victims of burglaries or theft, neither Hardy nor Cooper was stricken by defense counsel. We find the instant scenario is distinguishable from that in Files v. State, 586 So.2d 352, 356-57.(Fla. 1st DCA 1991) (on motion for rehearing). Thus, the challenge of Zachery was based on reasons equally applicable to other jurors who were not challenged. Id. We reconfirm our original holding that the trial court did not abuse its broad discretion in finding that Banks’ reasons for excluding Zachery were improper, as the basis for the challenge could not have been anything other than race. 592 So.2d at 264, 267; Reed v. State, 560 So.2d 203 (Fla.), cert. den., 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990); Slappy; Files, 586 So.2d at 354-56 (Fla. 1st DCA 1991) (applying “abuse of discretion” standard in reviewing Neil inquiry).
Our reversal of the conviction was based on Aldret’s third argument, regarding the remedy used by the trial court after denying the peremptory challenge of Zachery. We relied on the language in Neil, *1389 wherein the Supreme Court held that “if the party has actually been challenging prospective jurors solely on the basis of race, then the court should dismiss that jury pool and start voir dire over with a new pool.” 457 So.2d at 481, 487. The decisional law at the time of our original opinion appeared to hold that, where peremptory challenges were used unsuccessfully to exclude jurors and the attempted excusáis were racially motivated, the sole and proper remedy was the one stated above in Neil. See Mazaheritehrani v. State, 573 So.2d 925 (Fla. 4th DCA 1990), quashed and remanded, Brooks v. Mazaheritehrani, 595 So.2d 37 (Fla.1992) (civil suit); Carter v. State, 550 So.2d 1130, 1131 & n. 1 (3d DCA), rev. den., 553 So.2d 1164 (Fla.1989) (affirmance by district court, where trial court found state had wrongfully excluded two jurors based on race, and trial court sustained defendant’s objections to dismissal and dismissed entire venire panel pursuant to Neil); Jefferson, 584 So.2d at 123. Cf. Palmer v. State, 572 So.2d 1012 (Fla. 4th DCA 1991) (Neil remedy of dismissal of panel and recommencement of voir dire with new panel may be waived by a party who does not object to an improperly handled voir dire selection).
In Jefferson, the Fourth District Court examined a case in which the state had challenged jurors for racial reasons, the trial court seated the jurors instead of applying the Neil remedy, and the state “did not question the trial court’s remedy.” 584 So.2d at 124. The defendant, however, did raise the issue on appeal, claiming it was reversible error not to use the Neil remedy, despite the fact that the defendant did not demonstrate he had been prejudiced. The district court held: “Even if the trial court lacks the discretion to seat the unlawfully challenged jurors, such error is harmless absent a showing of prejudice.” Id. at 125.
Although defense counsel in the case sub judice did not specifically address the trial court’s decision to seat Zachery instead of striking the jury panel, it appears that his objection and motion for mistrial went to that issue, preventing the court from finding a waiver of the Neil remedy. We interpreted Neil literally as limiting the trial court’s options in such a situation. Presuming error in the retention of the improperly challenged juror, we found that the state had not shown beyond a reasonable doubt that the seating of Zachery did not contribute to the verdict of guilt and, therefore, that it was not established that the error was harmless. For those reasons, we adopted the Fourth District Court’s holding in Jefferson and certified the first question. 592 So.2d at 268.
Subsequent to our original decision, the Supreme Court issued Jefferson, where the court explained that it had “tailored the remedy in Neil to the particular facts of that case.” 595 So.2d at 40. The Supreme Court in Jefferson distinguished Neil as follows:
Because the trial court had already dismissed the improperly excluded jurors, the alternative remedy of denying the peremptory challenges was not available. We did not intend for Neil to set forth the exclusive remedy for discriminatory peremptory challenges.
Id. 595 So.2d at 40. Additional language in Jefferson indicates another option available to the trial court.
If, as occurred in the instant case, the trial court denies the improper peremptory and the improper challenge has no effect upon the composition of the jury pool, the complaining party is not deprived of a proper venire. Thus, the defendant’s rights to an impartial jury and to equal protection under the law are not violated. Further, the trial court in the instant case conducted the Neil inquiry outside the presence of the jury, and, thus, there was no danger that the improperly challenged juror would bear animosity toward the party attempting to exercise the peremptory. Therefore, under the facts of the instant case, we can see nothing to be gained by striking the entire jury panel and incurring the additional time and expense of drawing a new venire.

Id.

We believe that that particular language from Jefferson addresses the very similar proceedings before the trial court in the case at bar, just as Jefferson resolves our *1390 first certified question. See 606 So.2d at 1156; 595 So.2d at 41. As in Jefferson, the trial court conducted its inquiry without the potential jurors’ knowledge of the nature of the proceeding, here at a bench conference rather than in open court for the jury to hear. On reconsideration of the entire record, we find the racially motivated challenge had no improper effect upon the eventual composition of the jury pool, and Aldret was not deprived of a proper venire or of his right to equal protection. Jefferson, 595 So.2d at 41. In fact, as an individual venireperson, Zachery had the constitutional right “not to be excluded from jury service on the basis of race.” Powers v. Ohio, — U.S. -, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); Jefferson, 595 So.2d at 40. The trial court has discretion “to fashion the appropriate remedy under the particular facts of each case,” and we find no infringement of either party’s constitutional rights in the record on review. Jefferson, 595 So.2d at 41; Wimberly v. State, 599 So.2d 715, 716 (Fla. 3d DCA 1992). Accordingly, we hold that the trial court did not abuse its discretion in denying the racially motivated peremptory challenge and in seating Zachery on the jury panel.
We affirm Aldret’s conviction and the imposition of court costs. See Beasley, 580 So.2d at 139.
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.