620 So.2d 243 (1993)
Christine Holly BARNES, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1154.
District Court of Appeal of Florida, Third District.
June 22, 1993.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before FERGUSON, LEVY and GODERICH, JJ.
PER CURIAM.
This case is before us on remand from the Supreme Court of Florida for further consideration, State v. Barnes, 602 So.2d 532 (Fla. 1992), which quashed this court's opinion in Barnes v. State, 592 So.2d 1127 (Fla. 3d DCA 1992).
The defense attempted to use two of its peremptory challenges to strike jurors Lawman and Weber. The State requested that the defense demonstrate its justifications for striking Lawman and Weber. The trial court conducted a Neil[1] inquiry. Defense counsel stated that he had peremptorily challenged juror Lawman because he had been a victim of a crime and that he had challenged juror Weber because members of her immediate family had been victims of crime. The record supports the defense counsel's reasons for challenging jurors Lawman and Weber. The record also supports that the other jurors that were seated had never been victims of a crime or that their family members had never been victims of a crime. Clearly, the defense counsel provided valid, race-neutral reasons for peremptorily challenging jurors Lawman and Weber. See Adams v. State, 559 So.2d 1293 (Fla. 3d DCA), dismissed, 564 So.2d 488 (Fla. 1990). We find that the trial court erred in disallowing the defendant's peremptory challenges of jurors Lawman and Weber and accordingly, we reverse the defendant's convictions and sentences and remand for a new trial.
In light of our decision, it is not necessary to reach the remaining points raised on appeal.
Reversed and remand for a new trial.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla. 1984).