COPE, Judge
(concurring in part and dissenting in part).
I concur in affirming the trial court’s disal-lowance of the defendant’s peremptory challenge of juror Messer. See generally Jefferson v. State, 595 So.2d 38 (Fla.1992).
Because that issue is dispositive of this appeal, we need not reach the alternative question of whether defendant properly preserved this issue for appellate review. However, if required to reach that issue I would hold that the point is adequately preserved.
In this ease defendant sought to exercise a peremptory challenge to juror Messer. The State raised a Neil objection.[1] After inquiry the trial court found the reason for the peremptory challenge was pretextual, overruled the peremptory challenge, and seated the juror. See Jefferson, 595 So.2d at 41. Since that peremptory challenge had been denied, the defense went on to exercise that peremptory challenge against another juror, and ultimately exhausted all ten peremptory challenges.
At the conclusion of jury selection defendant again objected to the seating of juror Messer, and requested an additional peremptory challenge in order to strike him from the jury. For the same reason the defense also requested a mistrial and to begin jury selection over again with a new jury panel. These requests were denied.[2] In my view these actions were sufficient to preserve the jury selection issue for appellate review. See Joiner v. State, 618 So.2d 174,176 (Fla.1993); Trotter v. State, 576 So.2d 691, 693 (Fla.1990); Moore v. State, 525 So.2d 870, 873 (Fla.1988); Hill v. State, 477 So.2d 553, 556 (Fla.1985), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988). While the aforementioned cases arose in different factual contexts, the principles outlined there are applicable here. I am unable to agree that in order to preserve the issue for appellate review the defendant had to hold back one peremptory challenge. The defense correctly followed the options available to it.[3]

. State v. Neil, 457 So.2d 481 (Fla.1984).

. In light of the renewed defense attempt to strike juror Messer, the trial court revisited its earlier ruling and in the exercise of discretion, allowed additional voir dire of juror Messer. The court then adhered to its earlier ruling and seated juror Messer.

. If defendant had exhausted all peremptory challenges and failed to request an additional one to redirect against juror Messer, we would have different case. Under those circumstances, the defense would have had eleven jurors it sought to strike peremptorily, but only ten peremptory challenges. Under that scenario, the defense would have had to accept one objectionable juror in any event, whether it be juror Messer or the last juror stricken off. Under such a scenario, the point would not be properly preserved for appellate review. That is not the case here.