368 So.2d 56 (1979)
CAM CORPORATION OF BROWARD Formerly Known As Cam Corporation of Florida, Petitioner,
v.
Melvin T. GOLDBERGER, Individually, Etc., Respondents.
No. 78-1802.
District Court of Appeal of Florida, Fourth District.
February 7, 1979.
Rehearing Denied March 23, 1979.
*57 Michael J. McNerney of Brinkley & McNerney, Fort Lauderdale, for petitioner.
Michael T. Greif of Baskin & Sears, Fort Lauderdale, for respondents.
BERANEK, Judge.
Petitioner brought suit against respondent seeking specific performance of a contract for the sale of real estate. Petitioner then filed a notice of lis pendens against the real estate and respondent moved to dissolve the lis pendens or require a bond. The trial court ordered a bond posted and petitioner here seeks review of that order by certiorari. The action for specific performance was based upon a written contract and not upon a duly recorded instrument or mechanic's lien. Under these circumstances Section 48.23 Florida Statutes allows the court to deal with a notice of lis pendens as it may deal with injunctions.
Rule 1.610(c) Fla.R.Civ.P. governing injunctions requires posting of a bond before a temporary injunction is issued except that the court may issue an injunction without bond if after hearing it appears the party is unable to post bond. A hearing was held in this matter at which a witness for petitioner testified bond could not be posted. Petitioner would have us hold the trial court erred in requiring bond under such circumstances. This we decline to do. As stated in Metropolitan Dade County v. Parkway Towers Condominium Association, 281 So.2d 68 (Fla. 3d DCA 1973), the fixing of the amount of an injunction bond is a discretionary matter. Clearly the requirement of a bond in an injunction proceeding is within the sound discretion of the trial court. This same rationale extends to the case presented here involving a lis pendens based on a contract. Petitioner has failed to demonstrate any abuse of discretion herein and there has been no departure from the essential requirements of law.
Certiorari is hereby DENIED.
DOWNEY, C.J., and LETTS, J., concur.