452 So.2d 1131 (1984)
FLORIDA COMMUNITIES HUTCHINSON ISLAND, Sentinel Communities, Inc., Hutchinson Island Homes, Inc., and Zaremba Hutchinson Island, Inc., Petitioners,
v.
Peter ARABIA and Maria Arabia, Respondents.
No. 84-600.
District Court of Appeal of Florida, Fourth District.
July 18, 1984.
George F. Bovie, III, of Crary, Buchanan, Bowdish & Bovie, Stuart, for petitioners.
Sam T. Steger of McRoberts, Steger & Galante, P.A., Stuart, for respondents.
PER CURIAM.
Petitioners are the owners of Unit 107-C in "Sandpebble," a condominium in Martin County. Respondents filed suit against petitioners seeking rescission of an agreement to purchase Unit 107-C, together with damages for breach of contract and misrepresentation. The complaint was first amended to add a claim under the Interstate Land Sales Act, 15 U.S.C. § 1703, and again to request an equitable lien. A notice of lis pendens was filed with the second amended complaint.
Sandpebble moved to dissolve the lis pendens, or in the alternative, for an order requiring respondents to post bond. After hearing, the trial court ordered that "The defendant's motion to dissolve lis pendens is denied provided, however, the defendant may obtain the dissolution of the lis pendens by posting an indemnity bond in the amount of $28,515.00 subject to the approval of this court." The sum referred to in the order represents the respondents' initial 10% deposit and other various fees connected with their purchase of the condominium unit.
Petitioners seek a writ of certiorari on the basis that the circuit court's ruling as to the lis pendens constitutes a departure *1132 from the essential requirements of law. We agree and, therefore, grant the writ and quash the order.
The respondents concede that this action is not founded on a duly recorded instrument or on a mechanic's lien claim. Therefore, they are not entitled to maintain the lis pendens as a matter of right. Cf. Florida Peach Corp. of America v. Lurie, 411 So.2d 339 (Fla. 5th DCA 1982). They argue, however, that the trial court acted within its discretion by allowing them to maintain the lis pendens without posting bond because the petitioners failed to show irreparable harm, and further, that the trial court had authority under section 718.202, Florida Statutes (1983) to require the petitioners to post the bond. We disagree with both of those contentions.
This action is governed by section 48.23(3), Florida Statutes (1983):
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
The issuance of injunctions, in turn, is controlled by Fla.R.Civ.P. 1.610, section (c) of which provides:
(c) BOND. No restraining order or preliminary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined or restrained. When any injunction is issued on the pleading of a municipality or the state or any officer, agency or political subdivision thereof, the court, in its discretion having due regard to the public interest, may require or dispense with the requirement of a bond, with or without surety, and conditioned as the circumstances may require.
The trial court had no authority to condition discharge of the notice of lis pendens upon posting of a bond by the petitioners under those statutes. Section 48.23 contemplates that the proponent of a notice of lis pendens may be required to post bond, the amount of which is within the sound discretion of the trial court. See Cam Corp. v. Goldberger, 368 So.2d 56 (Fla. 4th DCA), cert. denied, 378 So.2d 343 (Fla. 1979). Where a complaint is not based on a duly recorded instrument or mechanic's lien, a bond is mandatory if irreparable damage would result if a bond were not required. Glusman v. Warren, 413 So.2d 857 (Fla. 4th DCA 1982). In this case, irreparable harm would result if the respondents were allowed to maintain the lis pendens without posting a bond because the petitioners may be unable to sell the property after final judgment enters. Cf. Hallmark Manufacturing Inc. v. Lujack Construction Co., 372 So.2d 520 (Fla. 4th DCA 1979).
Therefore, the trial court's failure to discharge the lis pendens, or alternatively, to require posting of a bond by respondents as a condition to maintenance of the lis pendens constituted a departure from the essential requirements of law.
We have also reviewed respondent's argument under section 718.202, Florida Statutes (1983) and find it meritless. Accordingly, we grant the writ, and remand with instructions to dissolve the notice of lis pendens, or alternatively, for entry of an order requiring respondents to post an indemnity bond sufficient to protect the petitioners from damages and costs if the lis pendens is found to have been wrongfully continued.
DOWNEY, HERSEY and HURLEY, JJ., concur.