PER CURIAM.
Petitioner Porter Homes seeks a writ of certiorari to quash an order of the circuit court which denies its motion to dissolve a lis pendens filed against certain real property located in Collier County.[1] We grant the petition.
In 1985 and 1987 respondents obtained judgments against Randall E. Porter totalling more than $50,000. In their pending action for equitable relief they claim that all efforts to collect on these judgments have been unsuccessful. Porter Homes, in whose name the Collier County *196 property is titled, is named as a defendant in the present action because it is alleged that Randall Porter is president and owner of Porter Homes. Porter Homes denies any connection between it and Randall Porter or between Randall Porter and the subject property. The corporation moved the trial court to dissolve the lis pendens, claiming that it is not founded upon a written instrument and that respondents’ underlying complaint fails to sufficiently allege that Porter, the judgment debtor, owns any interest in the property.
Reiterating its attack on the sufficiency of respondents’ complaint, Porter Homes first asks us to direct the trial court to dissolve the lis pendens entirely. See, e.g., Hallmark Manufacturing, Inc. v. Lujack Construction Co., Inc., 372 So.2d 520 (Fla. 4th DCA 1979). We are not persuaded that the trial court erred in determining that the complaint states a cause of action and thus that respondents should answer the complaint.[2] However, we do agree that since it is undisputed that the lis pendens is not founded upon a duly recorded instrument, section 48.23(3), Florida Statutes (1987), which holds the court “may control and discharge the notice of lis pen-dens as it may grant and dissolve injunctions,” requires the posting of a bond by respondents. See, e.g., Florida Communities Hutchinson Island v. Arabia, 452 So.2d 1131 (4th DCA 1984).
The petition for writ of certiorari is granted and this case is remanded to the trial court for further proceedings consistent with this opinion.
SCHEB, A.C.J., and RYDER and HALL, JJ., concur.

. Historically this court has approved the use of certiorari review when the trial court has re *196 fused to dissolve a lis pendens or to require the posting of a bond. See, e.g., James v. Wolfe, 512 So.2d 954 (Fla. 2d DCA 1987). The Third District has recently suggested that such orders are more appropriately reviewed by interlocutory appeal, as involving the refusal to modify or dissolve an injunction; Fla.R.App.P. 9.130(a)(3)(B). Munilla v. Espinosa, 533 So.2d 895 (Fla. 3d DCA 1988).

. To delve into the merits of respondents’ allegations at this juncture places us in the position of reviewing by certiorari the denial of a motion to dismiss a complaint. We find this situation somewhat analogous to review of discovery orders entered in connection with prayers for punitive damages, a practice disapproved by the supreme court in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), because the propriety of such orders generally is inextricably connected with the sufficiency of the complaint. This situation can be distinguished from those wherein it is readily apparent from the face of the complaint that a lis pendens was inappropriately filed. See, e.g., Lazzara v. Molins, 504 So.2d 13 (Fla. 2d DCA 1987). We need not reach this jurisdictional question in the present case, however, because we find no irremediable injury will accrue to petitioner by requiring it to answer the complaint. Should petitioner later prevail in the pending lawsuit, any harm resulting from the lis pendens will be compensable from the bond to be posted by respondents.