PER CURIAM.
The petitioner, Robert J. Stinnett, seeks a writ of certiorari to quash an order discharging his lis pendens on property owned by the respondent, Glen Hammock Development, Inc. (GHD). Mr. Stinnett’s lis pendens was based on a recorded easement, and his lawsuit sought enforcement of rights described in the easement. We grant the petition because this action “is founded on a duly recorded instrument.” § 48.23(3), Fla.Stat. (1989).[1]
GHD owns land in Sarasota County. Mr. Stinnett has a recorded easement for ingress and egress across a portion of GHD’s land to his adjacent property. The original and corrective grants of easement have been recorded for over fifteen years.
Mr. Stinnett sued GHD and its president, Lawrence L. Dodson, after GHD began developing its land. Mr. Stinnett sought injunctive relief for interference with his rights under the recorded grants of easement. Along with the complaint, he filed and recorded a notice of lis pendens describing the recorded easement. GHD immediately moved to discharge the lis pen-dens, and the trial court dissolved the lis pendens on the belief that the claims were not founded on a duly recorded instrument within the meaning of section 48.23(3), Florida Statutes (1989).
The petitioner’s complaint is not a model of clarity, but its sufficiency is not the issue in this proceeding. While the complaint is somewhat confusing, it is clear that Mr. Stinnett is not litigating issues based on circumstances preceding and surrounding the execution of the easement. If he is entitled to any relief, it must be based on his rights which are founded on the easement. Thus, this case is not controlled by American Legion Community Club v. Diamond, 561 So.2d 268 (Fla.1990).
We conclude that this action on a recorded easement is comparable to an action on a recorded mortgage. See Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (Fla. 4th DCA 1985); Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984). A recorded easement, like a mortgage, places the world on notice that the easement owner has an interest in the described property. The easement owner is entitled to protect its interest by suing to enjoin interference with the recorded easement, much like a mortgagee may protect its interest by foreclosure. The duly recorded easement through its recorded terms provides notice of the easement owner’s interest without an investigation of factual matters outside the record. Accordingly, we hold that a claim to enjoin interference with a duly recorded easement of ingress and egress is one founded on a duly recorded instrument.
The petition for writ of certiorari is granted; the order discharging the lis pen-dens is quashed.
SCHOONOVER, C.J., and FRANK and ALTENBERND, JJ., concur.

. Certiorari is the proper vehicle to review such an order. Porter Homes, Inc. v. Soda, 540 So.2d 195 (Fla. 2d DCA 1989); James v. Wolfe, 512 So.2d 954 (Fla. 2d DCA 1987); Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45 (Fla. 2d DCA 1984).