LEVY, Judge.
This case presents for our consideration the question of under what circumstances a bond must be posted by the proponent of a lis pendens, when the lis pendens is not based upon a duly recorded instrument or construction lien. Based upon our conclusion that the law of this state permits a bond to be readily available to protect the interests of a property owner who has had a lis pendens filed against their property, we affirm the trial court’s imposition of such a bond.
I.
Appellee Little Arch Creek Properties, Inc. (hereafter “LACPI”) owns a medical office building which it sought to sell. Appellant Medical Facilities Development, Inc. (hereafter “Medical Facilities”) is part of an organization which purchases and operates medical buildings. In December of 1993, Medical Facilities made an offer to purchase the building from LACPI for 5.5 million dollars.[1] A series of correspondence and communications among LACPI, Medical Facilities, and other parties followed, but the sale was never completed.
Medical Facilities later filed suit against LACPI seeking specific performance of an alleged contract to purchase the building. Medical Facilities claimed that a purchase contract existed based upon the exchange of correspondence and communications. LAC-PI claimed, on the other hand, that the correspondence relied upon by Medical Facilities did not constitute an enforceable contract. This issue of whether a contract was formed between the parties is not before us at this time, and nothing in this opinion should be construed as a commentary on it.[2]
The issue which is now properly before us grows out of the fact that prior to the filing of Medical Facilities’ suit, LACPI had entered into a separate contract to sell the building to another entity for 6.5 million dollars. Therefore, after filing its suit, Medical Facilities also filed a notice of lis pendens[3] against the property. The existence of this lis pendens has prevented LACPI from closing on its 6.5 million dollar contract to sell the building.
Thereafter, LACPI moved to discharge the lis pendens, but the trial judge denied the motion. Alternatively, LACPI moved to require Medical Facilities to post a bond to protect LACPI in the event that it ultimately turns out that the lis pendens was wrongfully filed. The trial judge reserved ruling on this motion, and set it for hearing. At the hearing, the parties debated the proper legal standard which the trial judge should follow in determining whether a bond should be ordered. They also disagreed over the amount at which the bond should be set, if one was ordered.
The trial judge eventually ordered a bond of one million dollars to be posted by Medical Facilities “to pay such damages which *1302 LACP[I] may sustain as a result of the wrongful filing by Plaintiff of the lis pendens herein.” Medical Facilities posted this bond, and has now brought this non-final appeal, challenging both LACPI’s entitlement to a bond, as well as the amount of the bond. See Fla.R.App.P. 9.130(a)(3)(B); Roger Homes Corp. v. Persant Constr. Co., 637 So.2d 5, 6 n. 1 (Fla. 3d DCA 1994); Munida v. Espinosa, 533 So.2d 895, 895 n. 1 (Fla. 3d DCA 1988).
II.
Florida Statutes section 48.23 governs the use of a lis pendens, and treats a lis pendens as one of two types. The first type exists where the action underlying the lis pendens is “founded” upon a duly recorded instrument or a construction lien.[4] § 48.23(3), Fla.Stat. (1993). Courts have consistently held that a bond is not available in conjunction with this type of lis pendens. See Florida Peach Corp. of Am., Int’l Div., S.A. v. Lurie, 411 So.2d 339, 340 (Fla. 5th DCA 1982); Chapman v. L & N Grove, Inc., 244 So.2d 154, 157 (Fla. 2d DCA 1971). The other type of lis pendens, which is the type at issue in this case, exists where the underlying action is not founded on a duly recorded instrument or construction lien. § 48.23(3), Fla.Stat. (1993). As to this second type of lis pendens, the statute authorizes the trial court to “control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.” § 48.23(3), Fla.Stat. (1993). Unfortunately, this reference to the law of injunctions has resulted in the application of different legal standards when determining the entitlement to a lis pendens bond.
III.
The caselaw in the District Courts of Appeal reflects three different approaches to determining whether a lis pendens bond is appropriate when the action underlying the lis pendens is not founded upon a duly recorded instrument or construction lien.
The first approach is the most stringent, and requires that the party requesting the bond make a showing that the bond is necessary to protect them from irreparable harm. See Sparks v. Charles Wayne Group, 568 So.2d 512, 517 (Fla. 5th DCA 1990) (“[B]efore a bond is required the land owner must show that he will suffer irreparable harm in the event the lis pendens is unjustified....”); Feinstein v. Dolene, Inc., 455 So.2d 1126, 1128 (Fla. 4th DCA 1984) (where the action underlying a lis pendens is not based on a recorded instrument, a titleholder could demand a bond “if he could show the danger of irreparable harm in the event the lis pendens was unjustified.”); Florida Communities Hutchinson Island v. Arabia, 452 So.2d 1131, 1132 (Fla. 4th DCA 1984) (bond is mandatory if irreparable harm would result without it); Glusman v. Warren, 413 So.2d 857, 858 (Fla. 4th DCA 1982) (same).
The second approach is more lenient, and leaves the setting of a bond to the trial judge’s discretion, which should be exercised after considering whether the lis pendens will place a “cloud on the title.” See Mohican Valley, Inc. v. MacDonald, 443 So.2d 479, 481 (Fla. 5th DCA 1984) (“A lis pendens is permitted and proper in these cases but the trial judge has the authority and discretion to require a bond to indemnify the defendants in case the lawsuit fails. Like injunctions, which have the potential of irreparable injury to a wrongly sued defendant, a judge should set a reasonable bond when the reasonable exercise of his discretion requires.... The test is simple: if the lis pendens places a cloud on the title that did not exist then a bond should be considered.”); Andre Pirio Assocs. v. Parkmount Properties, Inc., N.V., 453 So.2d 1184, 1186 (Fla. 2d DCA 1984) (trial court has discretion to set a bond); CAM Corp. of Broward v. Goldberger, 368 So.2d 56, 57 (Fla. 4th DCA) (“[T]he fixing of the amount of an injunction bond is a discretionary matter. Clearly the requirement of a bond in an injunction proceeding is within the sound discretion of the trial court. This same rationale extends to the case presented here involving a lis pendens based on a contract.”), cert. denied, 378 So.2d 343 (Fla. *1303 1979); see also Bailey v. Rolling Meadow Ranch, Inc., 566 So.2d 63, 65 (Fla. 5th DCA 1990)'(restates the “cloud on the title” test, but then goes on to hold that irreparable harm existed, and remanded for an evidentia-ry hearing on the bond amount).
The third and final approach to a lis pen-dens bond simply treats the bond as being mandatory. See Porter Homes, Inc. v. Soda, 540 So.2d 195, 196 (Fla. 2d DCA 1989) (where a lis pendens is not founded upon a lawsuit involving a recorded instrument, section 48.23(3) “requires the posting of a bond.”); Machado v. Foreign Trade, Inc., 537 So.2d 607, 607 n. 1 (Fla. 3d DCA 1988) (“The plaintiffs original claim not arising out of a document entitled to be recorded, ... it would have been appropriate, upon motion, to require a bond, the same as required in the issuance of a temporary injunction.”); Munilla v. Espinosa, 533 So.2d at 895 (Fla. 3d DCA 1988) (“The action in the trial court not being ‘founded’ on a ‘recorded instrument’ or ‘mechanic’s lien’, it was error for the trial court not to require the posting of a bond.”); Nero v. Nero, 475 So.2d 1361, 1361-62 (Fla. 5th DCA 1985) (where the underlying cause of action is not based on a recorded instrument, “petitioners are entitled to such a bond to indemnify them from damages resulting from the wrongful imposition of the notice of lis pendens.” (footnote omitted)); Sunrise Point, Inc. v. Foss, 373 So.2d 438, 439 (Fla. 3d DCA) (a bond is required where a lis pendens is not based upon a recorded instrument), cert. denied, 374 So.2d 99 (Fla. 1979).
This third approach, which makes a bond mandatory, is the one adhered to in this District. Machado, 537 So.2d at 607 n. 1; Munilla, 533 So.2d at 895; Sunrise Point, 373 So.2d at 438. However, Medical Facilities has argued that the Supreme Court’s subsequent language in Chiusolo v. Kennedy, 614 So.2d 491 (Fla.1993), has changed the law, and now requires that the imposition of a bond be predicated upon a showing of irreparable harm. We disagree with Medical Facilities’ reading of Chiusolo.
IV.
In Chiusolo v. Kennedy, the Supreme Court resolved a certified conflict between the Fourth and Fifth Districts over the issue of who bears the burden of proof when a titleholder seeks to discharge a notice of lis pendens. Chiusolo stands for the proposition that the burden of proof in a hearing to discharge a lis pendens is upon the proponent of the lis pendens, who must show a “fair nexus” between the property and the lawsuit.[5] Chiusolo, 614 So.2d at 492. However, after resolving this issue, the opinion goes on to state the following: “We agree with the observation in Sparks, 568 So.2d at 517, that the statutory reference to injunctions exists merely to permit property holders to ask in an appropriate case that the plaintiff post a bond where needed to protect the former from irreparable harm.” Chiusolo, 614 So.2d at 492-93 (emphasis added, footnote omitted). It is this language which Medical Facilities contends makes a bond available only upon a showing of irreparable harm.
This above-quoted language, however, did not change the law of this District, because this language was obiter dictum, and is not binding precedent upon this Court. “[A] purely gratuitous observation or remark made in pronouncing an opinion and which concerns some rule, principle or application of law not necessarily involved in the ease or essential to its determination is obiter dictum, pure and simple.” Bunn v. Bunn, 311 So.2d 387, 389 (Fla. 4th DCA 1975). A careful review of both the Supreme Court’s opinion and the Fifth District’s en banc opinion reveal that the entitlement to a lis pendens bond was simply not at issue in Chiusolo. The trial court had discharged a lis pendens without holding an evidentiary hearing, and the only issue for review was which party should have the burden of proof on remand. Chiusolo v. Kennedy, 589 So.2d 420, 421-22 (Fla. 5th DCA 1991) (en bane), approved in part, quashed in part, 614 So.2d 491 (Fla. 1993). Logically, the entitlement to a lis *1304 pendens bond could not possibly have been an issue, because there had not yet been a determination that a lis pendens was appropriate. For either the Fifth District or the Supreme Court to have considered the propriety of a bond would have been the classic example of “putting the cart before the horse.”[6]
Therefore, since the only possibly relevant Supreme Court language in Chiusolo regarding the issue now before us is dictum, we consider this language persuasive, non-binding authority. See Horton v. Unigard Ins., Co., 355 So.2d 154, 155 (Fla. 4th DCA 1978) (“The rule seems to be that dictum in an opinion by the Supreme Court of Florida, while not binding as precedent, is persuasive because of its source.”), cert. dismissed, 373 So.2d 459 (Fla.1979); accord Continental Assurance Co. v. Carroll, 485 So.2d 406, 408 (Fla.1986); Aldret v. State, 592 So.2d 264, 266 (Fla. 1st DCA 1991), quashed on other grounds, 606 So.2d 1156 (Fla.1992); O’Sullivan v. City of Deerfield Beach, 232 So.2d 33, 35 (Fla. 4th DCA 1970); Milligan v. State, 177 So.2d 75, 76 (Fla. 2d DCA 1965); see also Ard v. Ard, 395 So.2d 586, 587 (Fla. 1st DCA 1981) (Supreme Court dicta does not relieve District Court of Appeal from the obligation of considering the merits of an issue), modified on other grounds, 414 So.2d 1066 (Fla. 1982). Because we are not persuaded by the Chiusolo opinion that the irreparable harm approach is the better view, we adhere to our prior decisions which made the posting of a bond mandatory.
V.
There are two main reasons why a bond should be required when a party files a lis pendens and the underlying lawsuit is not founded upon a duly recorded instrument or construction lien. One of these reasons is based upon Florida Statutes section 48.23(3), and the other upon simple fairness.
A.
As pointed out earlier, a lis pendens, such as is involved in this case, is to be controlled and discharged as would an injunction. § 48.23(3), Fla.Stat. (1993); Porter Homes, 540 So.2d at 196. Therefore, when determining the entitlement to a lis pendens bond, it is only fitting to draw an analogy to the entitlement to a temporary injunction bond.[7] See Roger Homes, 637 So.2d at 6 n. 1. When a temporary injunction is granted, the party who has been enjoined is entitled to a bond as a matter of right in order to cover costs and damages which may result from the injunction if it later turns out to have been wrongfully entered. See Fla. R.Civ.P. 1.610(b); Conant v. Armada Key West Ltd. Partnership, 610 So.2d 640, 641 (Fla. 3d DCA 1992); Cutler Creek Village Townhouse Ass’n v. Cutler Creek Village Condominium Ass’n, 584 So.2d 103, 103 (Fla. 3d DCA 1991); Cushman & Wakefield, Inc. v. Cozart, 561 So.2d 368, 370 (Fla. 2d DCA 1990); Tabsch v. Nojaim, 548 So.2d 851, 853 (Fla. 3d DCA 1989). The analogy here is obvious: If a temporary injunction carries with it the right to a bond, then a lis pendens (not founded upon a duly recorded instrument or construction lien) should also carry with it the right to a bond. While irreparable harm must be shown in order to get the injunction itself, it need not be shown to get an injunction bond, and therefore, it need not be shown to get a lis pendens bond either.
B.
Moreover, fairness requires that a bond be posted to protect the interest of the titleholder. A lis pendens alerts third-parties of a potential claim upon a piece of property. Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So.2d 182, 183 (Fla. 3d DCA 1994); Ross v. Breder, 528 So.2d 64, 65 (Fla. 3d DCA 1988); Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356, 1357 (Fla. 4th *1305 DCA 1985) (en banc); Procacci v. Zaceo, 402 So.2d 425, 427 (Fla. 4th DCA 1981); Brown, v. Semple, 204 So.2d 229, 233 (Fla. 3d DCA 1967). A lis pendens primarily serves a notice function, by protecting third-parties from unknowingly “purchasing a lawsuit.” See Chiusolo, 614 So.2d at 492 n. 1 (“Thus, lis pendens exists at least in part to prevent third-party purchasers from ‘buying’ a lawsuit when they purchase the property.”). In so doing, the lis pendens also protects the rights of its proponent, by reducing the chances that a “bona fide purchaser” will somehow extinguish any equitable claim the proponent may have upon the property involved in the litigation. See Sparks, 568 So.2d at 517-18 (“The function of the notice is to preserve the lien against intervening liens or purchasers pending completion of the law suit.... Without the protection of the lis pendens, the [proponent’s] equitable lien ... could be wiped out by a sale to a subsequent bona fide purchaser.”); accord Acapulco Constr., 645 So.2d at 183.
However, the effect of a lis pendens upon the titleholder is more immediate and certain. By essentially putting a red-flag into the owner’s chain of title, a lis pendens greatly limits the marketability of the property. The practical effect of a lis pendens is that an owner oftentimes cannot sell or mortgage their property, as has happened in this case. If the proponent of the lis pendens turns out not to have had a valid claim against the property, the adverse economic consequences to the titleholder are obvious. Because of this possibility, fairness requires that a bond be in place to ensure that the titleholder be compensated for any costs or damages which are wrongfully incurred. An owner who has been the subject of a wrongfully filed lis pendens should not be required to file a separate lawsuit in order to be made whole; a bond should provide the needed remedy.
VI.
Turning to the case sub judice, we find that the trial judge properly required the posting of a bond. Furthermore, we conclude that the trial judge did not abuse his discretion in setting the amount of the bond at one million dollars. See Cozart, 561 So.2d at 369 (“[T]he amount of a bond is typically a matter within the trial court’s sound discretion....”); Metropolitan Dade County v. Parkway Towers Condominium Ass’n, 281 So.2d 68, 69 (Fla. 3d DCA 1973) (“[T]he fixing of the amount of an injunction bond is a discretionary matter.”), cert. discharged, 295 So.2d 295 (Fla.1974). A one million dollar bond was clearly not an abuse of discretion, since this represents the difference between Medical Facilities’ offer for the property (5.5 million), and the subsequent offer LACPI received (6.5 million).[8]
The trial court is in all respects affirmed.
Affirmed.

. The offer was actually made by Medical Facilities' predecessor in interest, Medical Group Services, Inc.

. During the pendency of this non-final appeal, a jury trial was held, and a verdict rendered in favor of LACPI.

.A lis pendens is "[a] notice filed on public records for the purpose of warning all persons that the title to certain property is in litiga-tion_” Blacks Law Dictionary 932 (6th ed. 1990).

. The statute actually refers to a duly recorded instrument or "a lien claimed under part I of chapter 713." Part I of chapter 713 is entitled "Construction Liens.” The term “construction lien” is synonymous with the more commonly used term "mechanics' lien.” For clarity, we will use the term "construction lien.”

. We note that the entitlement to the lis pendens is not at issue here; only the entitlement to a bond is.

. In her dissent, Judge Green agrees that the Chiusolo language is dictum.

. The analogy must be to a temporary injunction, rather than a permanent injunction, because a bond is normally not required once a permanent injunction has been entered. International Longshoremen’s Ass'n, Local 1416 v. Eastern S.S. Lines, 206 So.2d 473, 474 (Fla. 3d DCA 1968); 29 Fla.Jur.2d Injunctions § 79, at 744 (1981). Moreover, a lis pendens is more analogous to a temporary injunction, because both serve to preserve the status quo pending litigation of an underlying claim.

. We need not address the evidentiary issue which has also been raised by Medical Facilities. That issue related to evidence which the trial judge obviously chose not to rely upon in setting the bond at only one million dollars, rather than at a higher figure as LACPI had requested.