675 So.2d 915 (1996)
MEDICAL FACILITIES DEVELOPMENT, INC., Petitioner,
v.
LITTLE ARCH CREEK PROPERTIES, INC., Respondent.
No. 86392.
Supreme Court of Florida.
June 20, 1996.
*916 Terrence Russell, Nancy W. Gregoire, John R. Keller and John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Petitioner.
Stanley A. Beiley of Hornsby, Sacher, Zelman, Stanton, Paul & Beiley, P.A., Miami, for Respondent.
WELLS, Justice.
We have for review Medical Facilities Development, Inc. v. Little Arch Creek Properties, Inc., 656 So.2d 1300 (Fla. 3d DCA 1995), which expressly and directly conflicts with Chiusolo v. Kennedy, 614 So.2d 491 (Fla.1993), Feinstein v. Dolene, Inc., 455 So.2d 1126 (Fla. 4th DCA 1984), and Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984). These cases are in conflict over the question of whether a lis-pendens bond is required or, if discretionary, what standard a trial court should use to determine if a bond is required, when a notice of lis pendens is not based upon a duly recorded instrument or a construction lien and is thus governed by section 48.23(3), Florida Statutes (1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We resolve this conflict by holding that in situations governed by section 48.23(3), it is within the trial court's discretion to determine whether to require the lis-pendens proponent to post a bond when the property-holder defendant can show that damages will likely result to that defendant in the event the notice of lis pendens is unjustified. The damages can be monetary and do not have to meet the test of irreparable harm.
The events giving rise to the dispute in this case began in 1993, when Medical Facilities Development, Inc. (Medical Facilities) offered to purchase an office building owned by Little Arch Creek Properties, Inc. (Little Arch) for $5.5 million. The sale was never completed, and Little Arch contracted to sell the building to another entity for $6.5 million. Medical Facilities then sued for specific performance, claiming that a purchase contract existed based upon the exchange of correspondence and communications. Medical Facilities also filed a notice of lis pendens which prevented Little Arch from closing on the latter contract. Medical Facilities, 656 So.2d at 1301. Thereafter, the trial court ordered Medical Facilities to post a $1 million bond. Medical Facilities posted the bond and filed a nonfinal appeal challenging Little Arch's entitlement to the bond as well as the amount of the bond.
The Third District Court of Appeal affirmed. The court first turned to section 48.23(3), Florida Statutes (1993), which governs a notice of lis pendens when the initial pleading does not show that the action is founded upon a duly recorded instrument or construction lien.[1] This section permits the trial court to control and discharge the notice of lis pendens in the same manner that a court may grant and dissolve injunctions. See § 48.23(3). The court recognized that the reference to injunctions has led to three different legal standards when determining whether a property-holder defendant is entitled to a lis-pendens bond. The first standard allows a trial court to require the lis-pendens proponent to post a bond if the property-holder defendant can show that the bond was necessary for protection from irreparable harm. See, e.g., Feinstein. The second would leave it to the trial court's discretion to determine whether a bond would be required after considering whether the notice of lis pendens would place a cloud on the title. See, e.g., Mohican Valley. The third standard provides the trial court with no discretion and requires a bond to be posted whenever a lis pendens is filed. The district court followed the third standard and affirmed both the requirement and the amount of the bond.
In so holding, the court rejected as dicta our statement in Chiusolo that the statutory reference to injunctions exists to permit a property-holder defendant to ask for a bond *917 if needed to protect the defendant from irreparable harm. Medical Facilities, 656 So.2d at 1303-04. Instead, the court held the statutory reference to injunctions means that just as a bond is required to secure a temporary injunction, so too should a bond be required with a lis pendens. Id. at 1304. Also, it held that fairness required a lis-pendens bond to be posted since the bond protects the interests of the property holder by providing compensation for any costs or damages which are wrongfully incurred. Id. at 1305.
On appeal to this Court, Medical Facilities contends the district court's decision requiring a bond in all cases not founded on a duly recorded instrument or construction lien imposes too great a burden on the lis-pendens proponent. Rather, Medical Facilities argues that the statutory reference to injunctions gives the trial court broad discretion to determine whether a bond is appropriate in those cases in which the property-holder defendant can show "irreparable harm," which should be defined as harm which cannot be adequately compensated by monetary reward. See generally id. at 1306-07 (Green, J., dissenting). On the other hand, Little Arch agrees that the trial court should have discretion in requiring a bond. However, it contends that the irreparable-harm standard is impractical, and it advocates a rule to require a lis-pendens bond in cases in which the property-holder defendant can show damage or injury. See generally, id. at 1306 (Barkdull, J., specially concurring). For the reasons expressed below, we agree with the position advanced by Little Arch.
While the term "lis pendens" literally implies a pending suit, it is defined as the jurisdiction, power, or control which courts acquire over property involved in a pending suit. See DePass v. Chitty, 90 Fla. 77, 105 So. 148 (1925). A notice of lis pendens or actual notice filed on the public records, see § 48.23(1)(a), Fla. Stat. (1995), protects both the lis-pendens proponent and third parties. The notice protects the lis-pendens proponent's interest both from extinguishment and from any impairment from intervening liens. See Chiusolo, 614 So.2d at 492. The notice also protects future purchasers or encumbrancers of the property by informing them that there is a current suit involving the property's title. Id. It is this protection afforded to third parties which distinguishes a lis pendens from a typical injunction. Id.
However, the protection which a notice of lis pendens affords is counterbalanced by the constraining effects the notice has on the property-holder defendant. The notice will often prevent the property holder from selling or mortgaging the property. See Medical Facilities, 656 So.2d at 1305. Since the wrongful filing of a notice of lis pendens can be damaging, courts have interpreted the statutory reference to injunctions in section 48.23(3), Florida Statutes, to mean that a bond may be required.
We recently addressed the statutory reference to injunctions in Chiusolo. In that case, we held that the proponent of a notice of lis pendens has the burden of proof to show a fair nexus between the property and the dispute. After reaching this decision, we proceeded to address the meaning of the statutory reference to injunctions and agreed with the observation of the Fifth District in Sparks v. Charles Wayne Group, 568 So.2d 512 (Fla. 5th DCA 1990), that:
[T]he statutory reference to injunctions exists merely to permit property holders to ask in an appropriate case that the plaintiff post a bond where needed to protect the former from irreparable harm. The bond requirement, whenever appropriate, is a vehicle for protecting the property holders just as the lis pendens protects the plaintiff and third parties.
Chiusolo, 614 So.2d at 493 (footnote omitted).
We continue to adhere to our position in Chiusolo that the decision of whether a lis-pendens bond should be posted rests within the discretion of the trial judge. However, we clarify our statement in Chiusolo and specifically hold that the trial court's discretion to require a bond is not limited only to cases in which the property-holder defendant can show irreparable harm. Rather, the trial court may also consider the likelihood of other damages which do not meet the standard of irreparable harm. We agree with *918 Judge Barkdull's statement that the property-holder defendant's right to a bond should be conditioned upon a demonstration of the potential loss or damage the defendant will likely incur if the notice of lis pendens is unjustified. See Medical Facilities, 656 So.2d at 1306 (Barkdull, J., specially concurring). These damages can materialize in a variety of ways including monetary harm, which the property-holder defendant showed in the case at bar, or nonmonetary harm, see Bailey v. Rolling Meadow Ranch, Inc., 566 So.2d 63 (Fla. 5th DCA 1990).[2]
Our holding today specifically rejects the interpretation that the statutory reference to injunctions requires the lis-pendens proponent to post a bond in every case. As noted above, a significant difference between an injunction and a notice of lis pendens is that the notice of lis pendens not only protects the plaintiff but also warns third parties about the pending litigation. Given this distinction, providing the trial court with broad discretion to determine whether a bond is necessary rather than requiring it in every case will better promote the several purposes of the notice of lis pendens.
In sum, we hold the trial judge has broad discretion to require the proponent of a notice of lis pendens to post a bond when the notice is not based on a duly recorded instrument or construction lien in cases in which the property-holder defendant can show damage or injury will likely be suffered by that defendant in the event the notice was unjustified.
Accordingly, we quash in part the decision of the district court to the extent that it holds that a lis-pendens bond is mandatory, and we approve in part the decision's affirmance of both the entitlement to and amount of the bond. We clarify our statements in Chiusolo to explain that the trial court is not limited to considering whether the property-holder defendant will suffer irreparable harm when determining if a lis-pendens bond is required. Additionally, we approve Mohican Valley and Feinstein only to the extent that they are consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] The statute provides: "When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions."
[2] The amount of a lis pendens bond in these circumstances is likewise within the discretion of the trial court. The amount should bear a reasonable relationship to the amount of damages which the property-holder defendant demonstrates will likely result if it is later determined that the notice of lis pendens was unjustified.