691 So.2d 29 (1997)
Odalys LICEA, as Trustee, Appellant,
v.
Carlos ANLLO, as Trustee, Appellee.
No. 96-2064.
District Court of Appeal of Florida, Third District.
April 2, 1997.
Steven J. Mitchel and Andrew Brenner, Miami, for appellant.
Otero, Mullin & Tomlin and Tracy Tomlin, Coral Gables, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
FLETCHER, Judge.
Odalys Licea, as trustee, appeals an order requiring her to post a bond in connection with a notice of lis pendens in her action for specific performance of a real estate sales contract. She alleges error in the trial court's setting of the bond amount without an evidentiary hearing. We agree and reverse.
Licea brought suit for specific performance of a real estate sales contract and filed a notice of lis pendens on the property. Carlos Anllo, as trustee, the seller, responded *30 with a motion to discharge the lis pendens or, alternatively, to require Licea to post a bond for the continuation of the notice of lis pendens. The motion was set for hearing on the trial court's motion calendar, over Licea's objection that the matter required an evidentiary hearing.[1] The trial court, without an evidentiary hearing, set the bond at $350,000. Licea then posted the bond and filed this appeal.
First, a property holder's right to a bond for a notice of lis pendens is conditioned upon her or his demonstration of a potential loss or damage she or he will likely incur if the notice of lis pendens is unjustified. Medical Facilities Dev., Inc. v. Little Arch Creek Properties, Inc., 675 So.2d 915 (Fla.1996). Second, the amount of the lis pendens bond, if any bond is found by the court to be needed, must bear a reasonable relationship to the amount of damages which the property holder demonstrates will likely result if it is later determined that the notice of lis pendens is unjustified. Id. at 918. It is thus incumbent upon the property holder, in order to obtain a bond, to demonstrate to the court (1) that the notice of lis pendens, if unjustified, will likely result in loss or damage, and (2) the amount of damages which will likely result. Obviously the property holder, in order to demonstrate these matters to the court, will need to present evidence thereof, after which the proponent of the lis pendens is entitled to present evidence to the contrary. See Dominguez v. Lopez, 346 So.2d 627 (Fla. 3d DCA 1977). Here, the trial court failed to afford the parties the required evidentiary hearing on these issues. As a consequence, we reverse the order requiring the posting of a bond and remand with instructions to the trial court to hold the required evidentiary hearing.
Reversed and remanded.
NOTES
[1] Motion calendars are not generally the appropriate time for evidentiary hearings. See Juliano v. Juliano, 687 So.2d 910 (Fla. 3d DCA 1997).