PER CURIAM.
Hotel Europe, Inc. appeals the lower court’s order denying its emergency motion to dissolve and discharge lis pendens or to require the posting of a bond by Michael Aouate and granting Aouate an extension of more than one year for the filing of said lis pendens. We reverse.
On March 22, 1999, Michael Aouate, as Trustee, filed a complaint against Hotel Europe for specific performance of a real estate purchase contract. He filed no notice of lis pendens. In December of 1999, a non-jury trial was held in which Hotel Europe prevailed. On January 7, 2000, the trial court entered a final judgment in favor of Hotel Europe.
On January 18, 2000, Aouate moved for rehearing. The motion was denied by order entered on March 21, 2000. On March 29, 2000, Aouate filed a notice of lis pen-dens and on March 31, 2000 he filed a notice of appeal of the January 7th final judgment.
On April 5, 2000, Hotel Europe filed an emergency motion to dissolve and discharge the lis pendens or, in the alternative, to have Aouate post a bond. The motion challenged certain technical defects in the notice of lis pendens which Aouate then tried to correct by filing an amended notice of lis pendens on April 12, 2000. Accompanying the amended notice of lis pendens was a motion to extend the time for filing the notice of lis pendens. The motions were heard on April 24, 2000.
On May 1, 2000, the trial judge entered a written order denying Hotel Europe’s motion to discharge and dissolve notice of *1151 lis pendens and refusing to compel Aouate to post a bond. This appeal followed.
Section 48.23, Florida Statutes (1999), reads, in pertinent parts, as follows:
(1)(a) No action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby until a notice of the commencement of the action is recorded in the office of the clerk of the circuit court of the county where the property is, which notice contains the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to the property.
[[Image here]]
(2) No notice of lis pendens is effectual for any purpose beyond 1 year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
(4) This section applies to all actions now or hereafter pending in any state or federal courts in this state, but the period of time above-mentioned does not include the period of pendency of any action in an appellate court.
As explained above, Aouate filed a Notice of Lis Pendens. In the Emergency Motion to Dissolve the Notice of Lis Pen-dens, Hotel Europe contended that the Notice was not complete because it did not contain the required information, and the Notice was filed more than one year after the lawsuit was begun. Aouate tried to correct these two procedural deficiencies by filing the Amended Notice of Lis Pen-dens and the Motion to Extend Time for Notice of Lis Pendens on April 12, 2000. We agree with Hotel Europe that Aouate’s attempt to correct these procedural deficiencies does not satisfy the requirements of section 48.23. Section 48.23(2)(a) does not allow the extension of a lis pendens for more than a year unless “the relief sought is disclosed by the initial pleadings to be founded on a duly recorded instrument or on a lien claimed under part 1 of chapter 713 against the property involved ...” See also Avalon Assocs. of Delaiuare Ltd. v. Avalon Park Assocs., Inc., 760 So.2d 1132, 1134 (Fla. 5th DCA 2000).
The record reflects that the Aouate’s complaint was served upon Hotel Europe on March 22, 1999. The lis pen-dens was not filed until March 29, 2000, over one year after the lawsuit was initiated and after the notice of appeal was filed. There is no dispute that the initial complaint is not founded upon a recorded instrument or upon a statutory lien, as required by section 48.23(2). See CAM Corp. of Broward v. Goldberger, 368 So.2d 56 (Fla. 4th DCA 1979) (an action for specific performance of a contract for sale of real estate is based on a written contract but not on a duly recorded instrument or mechanic’s lien). The initial complaint was based on an unrecorded contract and concluded by final judgment. Because a Final Judgment has been entered, the instant case is no longer pending and thus the Notice of Lis Pendens is no longer valid. See Medical Facilities Dev. v. Little Arch Creek, 675 So.2d 915, 917 (Fla.1996) (term “lis pendens” literally implies a pending suit; it is defined as the jurisdiction, power, or control which courts acquire over property involved in a pending suit) (citation omitted).
Furthermore, we agree with Hotel Europe that even if section 48.23 allowed a lis pendens in this case, once the *1152 lawsuit was concluded and an appeal taken, the trial court was obligated as a matter of law to require Aouate to post a bond to maintain the lis pendens. In Medical Facilities Dev., Inc., the Supreme Court specifically stated that a bond requirement is appropriate to protect a property holder’s rights just as the lis pendens protects a plaintiff and a third party. See Medical Facilities Dev., Inc. v. Little Arch Creek Properties, Inc., 675 So.2d at 917 (citation omitted). The Supreme Court held that a trial judge has broad discretion to require the proponent of a notice of lis pendens to post a bond when the notice is not based on a duly recorded instrument or construction lien in which the property holder defendant can show damage or injury will likely be suffered by that defendant in the event the notice of lis pendens is unjustified. Further, a property holder’s right to a bond for a notice of lis pendens is conditioned upon his or her demonstration of a potential loss or damage he or she will likely incur if the notice of lis pendens is unjustified. See Licea v. Anllo, 691 So.2d 29 (Fla. 3d DCA 1997) (emphasis added).
Here, Hotel Europe entered into a purchase and sale agreement for the sale of the property which became subject to the lis pendens. The testimony at the evi-dentiary hearing on Hotel Europe’s emergency motion to dissolve the lis pendens indicates that the attorneys for the prospective buyers refused to close because of the lis pendens. This was clear evidence that the subject property could not be sold to a buyer because of the lis pen-dens.
Hotel Europe contends that the trial court believed that because the property rose in value since the initial filing of the underlying specific performance complaint, there was no loss that would result. However, we agree with Hotel Europe that by not being able to sell the property, it loses interest, and depending on how the real estate market fluctuates, the amount of profit had the sale gone through.
We reverse and remand with directions to set aside the May 1, 2000 order and enter an order granting Hotel Europe’s Motion to Dissolve and Discharge Lis Pen-dens.