994 So.2d 445 (2008)
George G. LEVIN and Gayla Sue Levin, Appellants,
v.
Ira LANG, Appellee.
No. 3D07-57.
District Court of Appeal of Florida, Third District.
October 29, 2008.
Rehearing Denied December 5, 2008.
Woodrow "Mac" Melvin, Jr., for appellants.
Frederick Charles Sake, for appellee.
Before GERSTEN, C.J., and GREEN and SUAREZ, JJ.
GERSTEN, C.J.
George and Gayla Sue Levin ("the sellers") appeal a post-trial order denying a motion to determine damages against Ira Lang's ("the buyer") lis pendens bond. We affirm.
After the sellers listed a commercial building for sale or lease, the buyer agreed to purchase the property. Prior to closing, a title search revealed a substantial lien against the property. When the sellers did not pay the lien, the buyer sued for specific performance. The buyer also filed *446 a notice of lis pendens against the property.
The sellers challenged the lis pendens, and the trial court determined that a bond was necessary to protect the parties' interest. The trial judge specifically indicated that the bond was to protect against any possible decrease in the property's value, but not for lost rent. The trial judge rejected the possibility of recovering lost rent because the property was not in rentable condition. The buyer posted the bond, and the case proceeded to trial.
Initially, the trial court entered a judgment in favor of the buyer. However, this Court reversed that judgment, and remanded for entry of judgment in favor of the sellers. Levin v. Lang, 933 So.2d 107 (Fla. 3d DCA 2006).
On remand, the sellers filed a motion to determine damages against the lis pendens bond. The sellers sought damages incurred during the two-and-one-half-year period that the lis pendens was in effect. Specifically, the sellers sought "damages and losses in excess of [the bond], including but not limited to loss of rents and other income, property damage, taxes and other expenses associated with the subject property."
The parties stipulated that the fair market value of the property had appreciated considerably during the lis pendens period. Based on this fact, the trial court determined that there were no recoverable damages attributable to filing the lis pendens. The trial court, therefore, denied the sellers' motion for damages.
On appeal, the sellers contend they are entitled to recover damages incurred during the existence of the lis pendens, notwithstanding the increased property value because, among other things, they suffered loss of rent. The buyer asserts that the trial court properly found that no damages attributable to the lis pendens are recoverable because the property's increased value exceeded any provable losses. We agree with the buyer.
A lis pendens is intended to protect future purchasers or encumbrancers of property in litigation from becoming involved in a dispute over the property, and the litigating parties from intervening liens that may affect their claimed property rights. Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993). Where the lis pendens is not based on a recorded document, the trial court may set a bond to cover any damages which may be incurred during the lis pendens period. § 48.23(3), Fla. Stat. (2004); Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915 (Fla.1996).
The decision whether to post a lis pendens bond is discretionary. To have a bond set, the bond proponent must show that damages may result from the lis pendens. Little Arch Creek, 675 So.2d at 917-18. Generally, this will require an evidentiary hearing where the bond's proponent may present evidence on the issue of damages. Licea v. Anllo, 691 So.2d 29 (Fla. 3d DCA 1997). Here, however, without objection of the parties, the trial judge ruled based on counsels' representations. The sellers did not contest the trial judge's ruling regarding the lost rent damages. Consequently, the issue before us is whether the sellers have proven other damages entitling them to recover against the bond.
To recover damages against a lis pendens bond, the claimant must prove he or she incurred damages attributable to the lis pendens. Little Arch Creek, 675 So.2d at 917-18. The proper method of calculating damages for a lis pendens, later determined to be unjustified, was first addressed in Florida by the Fourth District *447 Court in Haisfield v. ACP Florida Holdings, Inc., 629 So.2d 963 (Fla. 4th DCA 1993).
Finding no Florida case law directly on point, the Fourth District adopted the method set forth in Askari v. R & R Land Co., 179 Cal.App.3d 1101, 225 Cal.Rptr. 285 (Cal.Ct.App.1986). The Askari court stated:
We recognize that the recording of a notice of lis pendens is not a wrongful action.... Nevertheless, a seller is entitled to those damages necessary to give him the benefit of his bargain where the buyers conduct has restricted the sellers freedom to resell his property. If the property is lower in value when the lis pendens is lifted, the buyer may have to pay more damages. This rule is not intended to penalize a buyer who files a lis pendens. Changing conditions in the real estate market may work to the buyer's benefit or to his disadvantage. For example, if the property has increased in value when the lis pendens is lifted, the damages the buyer must pay are accordingly reduced. In some cases the buyer may pay no damages. The buyer's damages are subject to change because the filing of a lis pendens does not place valuation of the property in a state of suspended animation.
179 Cal.App.3d at 1111, 225 Cal.Rptr. 285 (citation omitted).
Here, changing conditions worked to the buyers advantage. In fact, the lis pendens actually benefited the sellers. Had the buyer not filed a lis pendens against the property, the sellers may very well have sold the property at the then prevailing market value. Thus, the sellers would not have been the beneficiaries of the increased market value. The sellers, therefore, cannot prove that their losses incurred during the lis pendens period (excluding rent loss) resulted in damages which exceeded the increased market value.
Consequently, we agree with the trial courts finding that the sellers did not suffer any damages attributable to the buyers filing of a lis pendens. Accordingly, we affirm the trial courts order denying damages against the lis pendens bond.
Affirmed.