On Motions for Rehearing and Clarification

PER CURIAM.
On consideration of the respondent’s motion for rehearing and clarification, we deny the motion for rehearing and grant the motion for clarification. The Court withdraws its previous opinion filed April 21, 2010, and substitutes the following opinion:
Empire Ocean Residence Realty, LLC, etc., et al. (collectively “petitioners”) seek certiorari review of a trial court order denying lis pendens bonds. We grant the petition.
*180 CDR Créances, S.A.S. (“respondent”) sued the petitioners for fraud, constructive trust, and equitable lien. The respondent recorded notices of lis pendens, not based on duly recorded instruments, on six Miami-Dade County properties. The petitioners moved the trial court either to dissolve the lis pendens or set a lis pendens bond. After an evidentiary hearing, the trial court denied both the request to dissolve the lis pendens and the petitioners’ request for lis pendens bonds. The petitioners seek certiorari review to quash the order denying the lis pendens bonds.
The petitioners assert that the trial court departed from the essential requirements of law by denying lis pendens bonds upon proof of potential damages attributable to the lis pendens. The respondents contend that the trial court did not depart from the essential requirements of law because the petitioners failed to establish damages actually attributable to the lis pendens. We agree with petitioners and grant the petition.
The trial judge has broad discretion to require the proponent of a notice of lis pendens to post a bond when the notice is not based on a duly recorded instrument. Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915 (Fla.1996). However, the trial court discretion is not unfettered. Mitchell v. Metro. at Lake Eola, LLC, 947 So.2d 1263, 1264 (Fla. 5th DCA 2007).
The bond proponent must show that damages or injury will likely be suffered from the lis pendens. Little Arch, 675 So.2d at 918. Further, the bond must bear a reasonable relationship to the amount of damages that may result if the lis pendens is later determined to be unjustified. Lice a v. Anllo, 691 So.2d 29, 30 (Fla. 3d DCA 1997).
Here, the petitioners showed that they will likely suffer damages from the lis pen-dens. The petitioners also demonstrated the amount of the potential damages on each property. Therefore, the trial court abused its discretion in denying the lis pendens bonds.
Accordingly, we grant the petition to quash the order denying the lis pendens bonds and remand for the trial court to set the amount of the lis pendens bonds.
Petition granted.