FERNANDEZ, J.
Nobe Bay Holdings, LLC petitions this Court for a writ of certiorari to quash the trial court’s order denying Nobe Bay’s “Amended Motion to Dissolve Improper Lis Pendens.” We grant Nobe Bay’s petition for writ of certiorari and quash the trial court’s order.[1] We direct the trial court to discharge the lis pendens, as well as the bond that the court ordered Nobe Bay to post.
Garcia contracted with Merco Group for the purchase of two condominium units. Pursuant to the contract, Garcia deposited $257,600 into an escrow account. Later that year, the escrow agent transferred $128,800 to Merco for the construction of the condominiums.
Garcia subsequently formed two new contracts. One of the contracts was a Conditional Cancellation Agreement. In that agreement, Garcia and Merco agreed to cancel the purchase agreements for the original two condominium units. Garcia and Merco also agreed to transfer the remaining $128,800 in the escrow account to a new contract with a related developer, Indian Creek Holdings, Inc.
The other contract was a Purchase Agreement with Indian Creek for Unit 1402 of the Nobe Bay Condominium, which the parties never recorded. The Purchase Agreement required an additional deposit of $56,200 on top of the transferred $128,800. Garcia never paid the additional $56,200. Regions Bank thereafter initiated foreclosure proceedings against Indian Creek and obtained a final judgment in 2010. Nobe Bay obtained Unit 1402.
Garcia filed an amended complaint against Nobe Bay seeking counts of, inter alia, specific performance, breach of contract and an equitable lien. Garcia later agreed to limit his complaint to a claim for money damages and dropped his claim for specific performance. He obtained a lis pendens on Unit 1402.
*695 Nobe Bay, by motion, asked the court to dissolve the lien. The court denied Nobe Bay’s motion, and allowed the removal of the lis pendens upon Nobe Bay posting a bond in the amount of Garcia’s security deposit.
Nobe Bay timely filed a petition for writ of certiorari. We have jurisdiction. Fla. R. App. P. 9.030(b)(2)(A); Ness Racquet Club, LLC v. Renzi Holdings, Inc., 959 So.2d 758, 759 n. 1 (Fla. 3d DCA 2007) (stating that “an order denying a motion to discharge a lis pendens is renewable by certiorari.”).
The proponent of the lis pendens has the burden of showing that the claim affects the real property in question. Medical Facilities Dev., Inc. v. Little Arch Creek Properties, Inc., 675 So.2d 915, 916 (Fla.1996); Chiusolo v. Kennedy, 614 So.2d 491, 492 n. 2 (Fla.1993). The proponent must establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit. Medical Facilities, 675 So.2d at 917; Chiusolo, 614 So.2d at 492. If the proponent can establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit, a lis pendens cannot be dissolved. Chiusolo, 614 So.2d at 492. If the proponent of the lis pendens does establish a fair nexus, the trial court, within its discretion, can require the lis pendens proponent to post a bond to protect the property owner. Medical Facilities, 675 So.2d at 917.
The lis pendens should have been dissolved because Garcia failed to establish a fair nexus between title to the property and the lawsuit. The only existing document is the Purchase Agreement between Garcia and Indian Creek for Unit 1402 of the Node Bay Condominium. The Purchase Agreement is not a duly recorded instrument and was properly terminated when Indian Creek refunded Garcia his initial deposit of $128,800 and Garcia failed to make the second deposit. Garcia thus does not have a claim to Unit 1402.
Furthermore, Garcia agreed to limit his complaint to a claim for money damages and dropped his claim for specific performance. Without the claim for specific performance, Nobe Bay correctly argues that Garcia destroyed any possible nexus between ownership of the property and the amended complaint.
In addition, the Purchase Agreement confirms that Garcia has no direct claim against the subject property. Paragraph 31 of the Purchase Agreement states: “[n]either this Agreement, Nor Purchaser’s payment of deposits, will give Purchaser any lien or claim against the Unit of the Condominium.”
We further conclude that the trial court should not have required Nobe Bay to post a bond. As the Florida Supreme Court held in Medical Facilities, “in situations governed by section 48.23(3), [Fla. Stat.], it is within the trial court’s discretion to determine whether to require the lis-pendens proponent to post a bond ...” Medical Facilities, 675 So.2d at 916 (emphasis added). Nobe Bay presented evidence that the lis pendens prevents a closing on Unit 1402 pursuant to a sales contract with a third-party. Accordingly, the trial court departed from the essential requirements of law when it required Nobe Bay to post bond.
Therefore, we quash the trial court’s order, and direct the trial court to discharge the lis pendens and the bond that the court ordered Nobe Bay to post.
Petition granted; order quashed.

. Garcia had until February 14, 2014 to file a response to Nobe Bay’s petition. He has not responded.