# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-420
Lower Tribunal No. 14-11578

_____


**Adeena Weiss Ortiz, etc., et al.,**
Petitioners,

vs.

**Caroline Weiss, et al.,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Adeena Weiss Ortiz, in proper person.

Schlesinger & Associates, P.A. and Michael J. Schlesinger and Andrew S. Genden, for respondents.


Before SUAREZ, FERNANDEZ, and SCALES, JJ.

SUAREZ, J.

Adeena Weiss Ortiz ["Ortiz"] files the present petition for certiorari requesting this Court quash the trial court's order below granting in part and

denying in part respondent Caroline Weiss's ["Weiss"] motion to discharge lis pendens or for adequate bond. We deny the petition for certiorari, finding the trial court did not depart from the essential requirements of law.

Petitioner Ortiz is the daughter of the respondent, Caroline Weiss. In 1973, Weiss and her husband Jack bought bayfront lots in Coconut Grove, numbered 0 through 7 ["the Property"] through their corporation, JAAC, Inc. That same year, JAAC executed a warranty deed granting the Property to Weiss and her husband as tenants by the entirety. In 1987, JAAC signed a warranty deed to Central Bank and Trust company, which in turn executed a land trust agreement deed to JAAC. Jack died in 1995; JAAC was administratively dissolved in 1997. Weiss subsequently issued a number of quitclaim deeds, transfers, and corrective documents involving various lots comprising the Property. In 2014, Ortiz filed suit to quiet title to the Property, alleging fraudulent transfer of title based on the post-1995 deed transfers, and filed a Notice of Lis Pendens. Ortiz argues that her suit to quiet title is, in fact, based on at least two duly recorded instruments that at the very least cloud the title sufficiently to maintain the lis pendens on the Property.

The trial court conducted an evidentiary hearing on Weiss's motion to dissolve lis pendens or for imposition of a bond. During the hearing, the trial court also took testimony on the amount of damages Weiss could suffer should the lis pendens remain in place and should it be determined that it was unjustified. The

2

trial court denied the motion to discharge the lis pendens, but determined that the evidence showed a fair nexus between the legal and equitable ownership of the Property as claimed by Ortiz. The trial court then granted Weiss's motion to set a bond in order for the lis pendens to remain, and placed a deadline on Ortiz's ability to maintain the lis pendens by requiring her to post a $3,000,000.00 bond by a date certain, otherwise the lis pendens would be discharged. The trial court arrived at the bond amount based upon the evidence of the possible damages presented at the hearing. Ortiz failed to post the bond by the required date, and the trial court discharged the lis pendens. Ortiz immediately filed this petition for certiorari, and this Court stayed proceedings below.

We determine that the trial court did not depart from the essential requirements of the law by requiring a bond to be posted by a date certain or the lis pendens would be discharged. When a suit involving real property is, as in the present case, not based on a duly recorded instrument but there is a fair nexus proven, the control and discharge of the lis pendens is at the discretion of the trial judge. Chiusolo v. Kennedy, 614 So. 2d 491, 492 (Fla. 1993); Rodriguez v. Banco Indus. de Venezuela, C.A., 576 So. 2d 870, 873 (Fla. 3d DCA 1991) ("When an action is not founded on a duly recorded instrument, the statute gives the trial court discretion to consider the extension and duration of the lis pendens on a case-by-case basis.");; Avalon Assocs. of Delaware Ltd. v. Avalon Park Assocs., Inc., 760

3

So. 2d 1132, 1134 (Fla. 5th DCA 2000) (determining unless the initial pleading shows that the action is founded on a duly recorded instrument, the court has the power to control the notice by discharging it, or requiring the party seeking to file a lis pendens to post a bond).

In this case, the trial court properly exercised its discretion to order the bond and was correct in treating the requirement for the bond as it would the bond for a temporary injunction. Section 48.23(3), Fla. Stat. (2017) ("When the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 or when the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions."); Nobe Bay Holdings, LLC v. Garcia, 140 So. 3d 693, 695 (Fla. 3d DCA 2014) (holding that if the proponent of the lis pendens does establish a fair nexus, the trial court, within its discretion, can require the lis pendens proponent to post a bond to protect the property owner); Fla. R. Civ. P. 1.610 ("No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, . . ."). Further, the trial court had the authority to order the discharge of the lis pendens should the bond not be timely posted.[1] Because the issue is strictly whether the lis

---

[1] We find competent substantial evidence to support the trial court's finding that a $3,000,000.00 bond bears the required reasonable relationship to the amount of damages likely to result if the notice of lis pendens is unjustified. See S & T

pendens should remain, there is no need for us to address the merits of the underlying dispute.

We deny the Petition for Certiorari, and lift the stay.

---

Builders v. Globe Props., Inc., 944 So. 2d 302, 304 (Fla. 2006) ("In setting the amount of a bond, we have determined that '[t]he amount should bear a reasonable relationship to the amount of damages which the property-holder defendant demonstrates will likely result if it is later determined that the notice of lis pendens was unjustified.'" quoting Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915, 918 n.2 (Fla. 1996)).