969 So.2d 1204 (2007)
REAL INVESTMENTS, LLC, Appellant,
v.
The OAKS GROUP, INC., etc., et al., Appellees.
No. 4D06-3039.
District Court of Appeal of Florida, Fourth District.
December 12, 2007.
Jamie Alan Sasson and Peter Ticktin of Ticktin & Rodriguez, P.A., Coconut Creek, *1205 and Carol Cobourne Asbury of Asbury & Associates, P.A., Boynton Beach, for appellant.
Sheryl S. Natelson, Jeffrey A. Rynor and Pamela A. Chamberlin of Mitrani, Rynor & Adamsky, P.A., Miami, for appellee The Oaks Group, Inc.
CHUMBLEY, DOUGLAS J., Associate Judge.
Appellant appeals the trial court's order granting the Appellee's motion for summary judgment as to Count I (Breach of Contract) and Count II (Specific Performance) of the complaint filed by the Appellant and granting Appellee's motion for summary judgment as to all counts in the Amended Complaint filed by Appellant's Assignors. Because we find there are genuine issues of material fact, we reverse.
The underlying action is based on an agreement for purchase and sale entered into between the Appellee/Seller, The Oaks Group, Inc., and two Buyers/Assignors, Eurohome di Soleil, LLC and Jose A. Martinez. The contract had an effective date of February 15, 2005 and concerned approximately four (4) acres of land. The sales price was $2.9 million. The contract provided a deposit of $25,000 which was to be paid within five (5) days of the date when the agreement was signed. It also required a second deposit of $265,000, but importantly, the contract was silent as to the date that deposit was to be paid. The $25,000 was paid, but the second deposit was never paid. The Appellee terminated the contract for failure to receive the second deposit, and the deal was never closed. Following Appellee's termination of the contract, the Buyer/Assignor, Eurohome di Soleil, assigned all of its rights under the contract to the Appellant.
Appellee argues on appeal that summary judgment was proper because there was no genuine issue of material fact that Appellee did not breach the contract by terminating the contract and refusing to close. Appellee also argues that summary judgment was proper on the count for specific performance in that there was no genuine issue of material fact that the Appellant and the Buyers were never ready, willing, or able to perform the contract. However, we disagree.
Summary judgment is appropriate where, as a matter of law, it is apparent from the pleading, depositions, affidavits, or other evidence that there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. See, e.g., The Florida Bar v. Greene, 926 So.2d 1195, 1200 (Fla.2006). We believe that genuine issues of material fact exist on both the issue of breach by the Appellee/Seller and on the issue of Appellant's entitlement to specific performance. By way of example, we set forth some of the disputed issues of material fact below.
Although Appellee contends there is no dispute that there was a due date for the payment of the second deposit set either by the contract or by subsequent correspondence, the record reveals that there is sworn testimony by Eurohome's principal, Jose Garcia, and by Buyer, Jose Martinez, that they did not pay the second deposit because they did not believe there was a due date for the second deposit. This testimony is sufficient to create a genuine issue of material fact as to whether Appellee was entitled to terminate the contract on the basis of non-payment of the second deposit. Thus, it was error to enter summary judgment of those claims.
Further, with regard to whether the Appellant or the Buyers were ever ready, willing and able to perform the contract, there is deposition testimony from Jose Garcia that the second deposit would have been paid had there been a due date set *1206 forth in the contract. In addition, there was testimony from Appellant's president, Alex Gonzalez, that the Appellant had access to sufficient funds to close on the property. This testimony is sufficient to create a genuine issue of material fact on the Appellant's and the Buyers' ability to perform the contract. Thus, it was error to enter summary judgment on the specific performance claims.[1]
For the above reasons, we reverse the summary judgment entered below and remand the case to the trial court for further proceedings consistent with this opinion.
Reversed and Remanded.
WARNER and GROSS, JJ., concur.
NOTES
[1] The record is strangely silent as to reasons why the trial court granted summary judgment on the Buyers' claims of negligent misrepresentation and fraud in the inducement. The briefs also fail to raise any arguments with regard to those claims. As the questions of material fact discussed above may be relevant to those claims, it was error to enter summary judgment on those counts as well.