973 So.2d 643 (2008)
REAL INVESTMENTS, LLC, Petitioner,
v.
The OAKS GROUP, INC., Respondent.
No. 4D06-2124.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
*644 Carol C. Asbury of Asbury & Associates, P.A., Boynton Beach, for petitioner.
Jeffrey A. Rynor, Pamela A. Chamberlin, Sheryl S. Natelson, and Jason M. Folk of Mitrani, Rynor & Adamsky, P.A., Miami, for respondent.
KLEIN, J.
The purchaser seeking enforcement of a real estate contract seeks certiorari review of an order dissolving a lis pendens. The order was entered because purchaser did not post a bond to cover the damages to the seller in the event the purchaser did not prevail in the litigation. We initially stayed this appeal as being moot, because the trial court entered a summary judgment in favor of the seller. Our reversal of the summary judgment, Real Investments LLC v. Oaks Group, Inc., 969 So.2d 1204 (Fla. 4th DCA 2007), makes the bond issue ripe, but we deny relief.
The contract, which became effective in February, 2005, provided for a sales price of $2.9 million. At the hearing to determine the amount of the lis pendens bond, the seller provided evidence that there were preconstruction contracts for 76 of 114 condominiums to be built on the property, that $1 million dollars was escrowed for those condominiums, and that the seller had obtained a $17 million dollar construction loan. If all 114 units were sold, the sales total would be about $30 million dollars, and if a lis pendens made it impossible for the sales to close, the annual cost of carrying the units would be from $1.5 to $1.7 million dollars. It would also
The amount of a lis pendens bond should bear a reasonable relationship to the amount of damages which will "likely result if it is later determined that the notice of lis pendens was unjustified." Med. Facilities Dev. v. Little Arch Creek Props., 675 So.2d 915, 918 n. 2 (Fla.1996). A trial court has broad discretion as to the amount of the lis pendens bond. Id.
Although the trial court did not explain how it calculated the bond amount of $1,287,241, the seller put on evidence to the effect that it would suffer substantially more in damages. The purchaser has failed to demonstrate that the amount is not supported by competent substantial evidence. We accordingly find no abuse of discretion and deny the petition.
SHAHOOD, C.J., and STEVENSON, J., concur.